# FILED

### JUL 2 7 2016

Clerk, U.S. District and
Bankruptcy Courts

### UNITED STATED BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

In re:

CARLOS ALLEN

      Debtor

Case No. 16-00023

Chapter 7

DOUGLAS SLOAN,

      Plaintiff,

Adversary Proceeding No. 16-10027

## PRAECIPE MOTION TO DISMISS WITH PREJUDICE

## FOR FRAUD ON THE COURT

Defendant, Carlos Allen ("Allen") pro se counsel, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants hereby respectfully request that the Court dismiss all claims in the Complaint for failure to state a claim for relief and, moves this Honorable Court to enter an order for the Praecipe Motion to Dismiss with Prejudice for Fraud on the Court by the Plaintiff.

# I.    STATEMENT OF FACTS

In 2008, the Defendant obtained a loan in the amount of $60,000.00 from the Plaintiff

Douglas Sloan.   The promissory note provided that the maximum amount with interest that

the Plaintiff should receive which was $72,000.00. **(Exhibit A)** The loan was not paid.  The

Defendant in good faith wanted to pay the debt so he contacted the Plaintiff and his spouse

and negotiated a verbal payment plan by phone.  The Defendant had paid approximately

around $20, 0000.00 which was to be for the total satisfaction of the debt.

The Defendant filed a voluntary petition for relief under Chapter 13 of 11 U.S.C. on January

20, 2016.  The petition was designated as Case No. 16-00023 it was subsequently converted

to a Chapter 7.  The Plaintiff filed a lawsuit against the Defendant in 2013.  This was after

the statute of limitation had run on the case which is **3 years**.  From the time of filing the

lawsuit against the Defendant, the Plaintiff and his Attorney of record have engaged in fraud

not only in the Bankruptcy Court but the Superior Court of DC as well.  First, the Plaintiff

and his Attorney are friends which represent a conflict of interest.  The Plaintiff's Attorney

and the Plaintiff are good friends which show why he is so overzealous in his duty to their

friendship based on the Attorney's action.  The Plaintiff's Attorney is more loyal to his friend

than his legal profession as an Attorney.

The Plaintiff's Attorney has filed several motions both in Superior Court of DC and US

Bankruptcy court.  The entire Plaintiff's filing of motion and pleading are part of a scheme to

defraud first the court and the defendant.  The Plaintiff does not have a case in which he

knows that he has acted in a reckless disregard of the truth. The Defendant filed a Motion to

Squash Service of Process Server because the Plaintiff's Attorney lied under oath to the court

that the servicer of the processed affidavit was not a party to the case and that the Defendant

2

was served.  When in fact the processor server was the attorney **Howard Haley who is a party to the case** and someone else was served, and it was not the Defendant or someone else authorized to act on the Defendant's behalf and in turn the attorney had to reissue a new Process Service.  The Defendant filed a Motion for Summary Judgment in July 2016.  After this filing, the Plaintiff's Attorney contacted the Defendant by phone and made all types of threats.  **(Exhibit B – Affidavit of Defendant)**  One of the allegations was in reference to the statute of limitation.  Many of the threats made the Defendant fearful for himself and his family by the acts of the Plaintiff's Attorney.  All of these were attempts by the Plaintiff's Attorney to make the Defendant back down and accept his abusive and fraudulently treatment.  Based on the above fact, the legal argument is below to substantiate the fraud on the courts.

## II. ARGUMENT

The Court should grant the Defendant's Praecipe Motion to Dismiss with Prejudice for Fraud on the Court.  The Plaintiff and his Attorney have engaged in fraud throughout the process which is from the initial filing of the lawsuit with the Court to presently with the Bankruptcy Court. Attorney Howard Haley has violated Rule 8.4 of the Professional Rules of Conduct.   Rule 8.4 (c) states in pertinent part: "It is professional misconduct for a lawyer to: engage in conduct involving dishonesty, fraud, deceit, or misrepresentation . . . ." Rule 3.3 (a)(1) states in pertinent part: "A lawyer shall not knowingly: . . . (1) makes a false statement of material fact or law to a tribunal . . . ."   He represented to the court that the Plaintiff has a valid cause of action.  When he knew at the time of filing that the statute of limitation had passed.  There was no fact or evidence to even toll the statute. The Plaintiff's Attorney went even further in the Bankruptcy Court  by

filing an Objection to the discharge of claim in which he knew had no merit or viable cause of action.

The Plaintiffs Attorney makes a myriad of unfounded, patently false statements in his pleading and motions for example the Plaintiff Douglas Sloan did not find out about the Breach of contract until after August 2, 2013. Which is false, the Plaintiff new of the breach in 2009 and sent the Defendant emails stating that he was moving forward in getting an attorney in 2009.

**(Exhibit C – Emails from Douglas Sloan)** These are the types of patently false statements against the Defendant that should not be tolerated by this Court. While the accusations made against all Defendants at first appear severe, a closer look reveals that these claims are vague, conclusory, and wholly unsubstantiated by fact. Ultimately, the matters at issue in this action are an unfortunate waste of this Court's valuable time and resources.

First, the Plaintiff has failed to state in his complaint and amended complaints that if they were true, could demonstrate that the Plaintiff is entitled to any damages for a legally protected interest. Secondly, Plaintiff ''s claim is time barred by the statute of limitation. The cause of action accrued in 2008. A lawsuit was not filed until 2013 which is way past the statute of limitation. The Defendant did not file Bankruptcy until January of 2016. Thirdly, the Plaintiff's and his Attorney are using this court and Superior Court of DC as a pawn in their continuous scheme of trying to take money from the Defendant and defraud the court. Fourthly, the Plaintiff's claim is legally meritless and, thus, must be dismissed with prejudice.

Therefore, the claims against these individuals should be dismissed pursuant to Rule 12(b)(6) of the District of Columbia Superior Court Rules of Civil Procedure. Second, Plaintiff failed to set forth any proper damage claims, and have failed to meet the standard for relief. Those claims

should be dismissed pursuant to Rule 12(b) (6) because Plaintiffs have not, and cannot plead any set of facts which would entitle them to relief.

The Plaintiff's Attorney has gone through an elaborate scheme to try and deceived not one court but two courts. All of the pleading in the Superior Courts are fraudulent and amount to mere grand standing and lacks any type of merit. The objections in the Bankruptcy Court are part of a malicious scheme to deceive the courts. Whereby the Plaintiff is trying to extort the Bankruptcy Court and the Defendant by objecting and initially stating in Superior Court of DC and now the US Bankruptcy Court that he has not received any money, when in fact he has received money for the debt and because they have been called out about it, they are now stating the same which is direct evidence of his fraudulently misrepresentation. The Plaintiff's Attorney and Plaintiff are being deceptive by filing Motions and Objection of the Defendant as a way to claim that the total debts were still outstanding, which is a total fabrication. This is all part of an elaborate scheme to defraud the Courts along with the Defendant.

Foremost, the Praecipe Motion to Dismiss with Prejudice for Fraud on the Court should be granted because of all of the fraudulent acts of the Plaintiff and the Plaintiff's Attorney. First, the Plaintiff claim is time barred because of the statute of limitation.   Secondly, the statute of limitation has passed in accordance with the D.C. Code §12-301(7). The D.C. Code §12-301(7) states that any claims for contracts must be brought within three years. The contract was executed in 2008. The lawsuit should have been filed in 2011, but it was not. The Plaintiff waited until 2013 in order to try and get more than what the original debt was for.  If filing a lawsuit was not enough, the Plaintiff filed an objection to the Bankruptcy Discharge of the Defendant in which he did not have a right to file in the first place. All of these actions from Day 1 in filing the lawsuit have been a continuation of Fraud. The Plaintiff's Attorney is

continuing with an additional episode of fraudulent behavior. If the court allows this to persist, this will result in a miscarriage of justice. Now, the Plaintiff is attempting to try and collect after the statute of limitation has run. There is no plausible reason why the statute of limitation should be tolled. Therefore, the Praecipe Motion to Dismiss with Prejudice for Fraud on the Court should be granted because the statute of limitation has passed for the Plaintiff to bring his claim.

A statute of limitations defense may be raised "via a Rule 12(b) (6) motion when the facts giving rise to the defense are apparent on the face of the complaint." Nat'l R.R. Passenger Corp. v. Lexington Ins. Co., 357 F. Supp. 2d 287, 292 (D.D.C. 2005). Because statutes of limitation are procedural, District of Columbia law applies to the Defendant filed in this Court. See Am. Petroleum Inst. v. TechnoMedia Int'l, Inc., 699 F. Supp. 2d 258, 269 n.8 (D.D.C. 2010).

Moreover, "[w]hen a cause of action with no prescribed statute of limitations is 'intertwined' with one having a prescribed limitations period, District of Columbia courts apply the prescribed period.'" Jovanovic v. US-Algeria Bus. Council, 561 F. Supp. 2d 103, 113-14 (D.D.C. 2008) (quoting Browning v. Clinton, 292 F.3d 235, 244 (D.C. Cir. 2002)). "A claim is 'intertwined' with another when it is 'completely dependent' on or essentially the same as another, and cannot survive as a separate, independent cause of action." Id. at 114. Therefore, the case at bar should be dismissed with prejudice.

Based on all of the foregoing reason above, the Court should grant the Defendant's Praecipe Motion to Dismiss with Prejudice for Fraud on the Court.

### III.    <u>CONCLUSION</u>

**WHEREFORE,** for the above reasons, Defendant respectfully request that this Honorable

Court dismiss the case with prejudice and order such relief that is just and proper.

Respectfully submitted this ____31____ day of July, 2016

Carlos Allen

_____

Carlos Allen.
1715 Kilbourne Pl NW
Washington, DC 20010
Telephone:  (240) 678-9846

UNITED STATED BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re:

CARLOS ALLEN
    Debtor

Case No. 16-00023

Chapter 7

DOUGLAS SLOAN,

    Plaintiff,

Adversary Proceeding No. 16-10027

## ORDER GRANTING MOTION FOR DISMISSAL WITH PREJUDICE FOR FRAUD ON THE COURTS

Defendant's Motion for Dismissal with Prejudice for Fraud on The Courts has been GRANTED.
Defendant's Petition for Discharge pursuant to Chapter 7 is GRANTED
Defendant's Debt to Douglas Sloan is DISCHARGED

---
Date



PLAINTIFF'S
EXHIBIT
A
16 - 0023

# Promissory Note with Equity Interest

# Conversion feature

| | |
|---|---|
| Date. | July 23, 2008 |
| Borrower | Carlos Allen |
| Borrower's Address: | 9709 Manteo Court |
| | Fort Washington, MD 20744 |
| Payee | Douglass Sloan / Karen James |
| Place for Payment: | 7600 Georgia Avenue, NW Suite 208 |
| | Washington, DC 20012 |
| Principal Amount: | $60,000.00 |
| Term: | 60 (days) |
| Rate: | 20% |

**INTEREST RATE**: The interest rate on matured, unpaid amounts shall be the maximum amount permitted by the Laws of the District of Columbia.

**PAYMENT TERMS.** This Note is due and payable as follows: A single payment of $72,000.00, which shall comprise the total indebtedness hereunder, including principal and interest. Such amount shall be payable in full or, if necessary, in multiple payments until paid in full. If the payment(s) is not paid on prior to the end of the Term, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the District of Columbia.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, with all interest due as if such indebtedness were carried to maturity.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the Rate stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults, or if Payee has reasonable purpose to believe Borrower will default, in the payment of this Note or in the performance of any obligation, subject to any cure periods, then Payee may declare the unpaid principal balance and interest to maturity on this Note immediately due and payable  Borrower waives all demands for payment, presentation for payment, notices of intentions to accelerate

maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** Failure by Borrower to remit payment within the 60th day following the date that such payment is due entitles the Payee hereof to an additional 2% interest on the entire indebtedness. Failure by Borrower to remit payment within another 60 days shall entitle Payee to an additional 2% interest for a second cycle. Payee's forbearance in enforcing a right or remedy, as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Subject to "Conversion to Equity Interest" below, Interest on this debt evidenced by this Note shall not exceed the maximum amount of interest that may be contracted for, taken, reserved, charged, or received under law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt. If interest amounts pursuant to this Note are, for any reason, considered usurious, Payee shall have the sole discretion and right to designate and convert indebtedness under this Note into an equity position in the "Subject Property" as set forth in "Conversion to Equity Interest" below.

**CONVERSION TO EQUITY INTEREST.** If for any reason, interest to be earned pursuant to indebtedness under the Note is considered usurious or, alternatively, at the sole option of Payee, Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street. NW Washington, D.C. 20010 (the "Property"). Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property. Borrower shall execute, or arrange for the execution of, any document and do anything necessary to ensure Payee's interest in the Property and to ensure Payee is paid the Equity Amount to Payee pursuant to this paragraph.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay all costs of collection and enforcement, including reasonable attorney's fees and all costs in addition to other amounts due under this Note.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the

application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the District of Columbia, without reference to conflict of law provisions.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 23rd day of July, 2008.

Carlos Allen

Douglass Sloan

Karen James

Witness

Exhibit B

# United States Bankruptcy Court for the District of Columbia

Douglas Sloan )
      Plaintiff )
       )        **Case No. 16-00023**
vs )
       )        Adversary Proceeding No 16-10027
Carlos Allen, et al )
      Defendant )

## AFFIDAVIT OF BULLYING AND WITNESS INTIMIDATION

COMES NOW, the affidavit, duly sworn, deposes and states as follows

1. On 7/15/16 Howard Haley called Carlos Allen on the telephone and shouted threats, demands and accusatory statements on things he better do or he will pursue criminal libel against him.

2. Mr. Haley was upset that Carlos Allen was bringing a statute of limitations issue in the case before the US Bankruptcy Courts.

3. Mr. Haley then yelling at Mr. Allen asked if he knew the law on the statute of limitations. I told him yes, he then proceeded yelling again and demanded that I explain to him what it was.

4. Mr. Haley then stated that if I don't change my position on the statute of limitations, he would then come after me plus come after me criminally with a libel suit.

5. At that point I felt threatened for my safety because of his tone and anger over the phone; I then hung up the phone with Mr. Haley.

I hereby certify and affirm under penalty of perjury that the contents of the foregoing Affidavit are true and correct to the best of my knowledge, information and belief.

July 27, 2016

_____
Date

_____
Carlos Allen

SUBSCRIBED AND SWORN to before me this _____ 27th _____ day of July, 2016

My commission expires: 10/31/2019

_____
Notary Public, DC

GREGORY MARTIN PEEPLES
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES OCT. 31, 2019
COMMISSION # 7643569

Exhibit C

# United States Bankruptcy Court for the District of Columbia

| | |
|---|---|
| Douglas Sloan | ) |
|     Plaintiff | ) |
| | ) |
| vs | ) |
| | ) |
| Carlos Allen, et al | ) |
|     Defendant | ) |

**Case No. 16-00023**

Adversary Proceeding No 16-10027

## AFFIDAVIT OF TRUE EMAIL COPY

COMES NOW, the affidavit, duly sworn, deposes and states as follows:

1.  I Carlos Allen, certify that the forgoing 1 page Facebook message sent to Carlos Allen's email from Douglas Sloan is true, and correct.

I hereby certify and affirm under penalty of perjury that the contents of the foregoing Affidavit are true and correct to the best of my knowledge, information and belief.

7/27/16
_____
Date

_____
Carlos Allen

SUBSCRIBED AND SWORN to before me this __27__ day of July, 2016

My commission expires: April 30, 2018

_____
Notary Public DC VA

JENNIFER SUZANNE SCHONEMAN
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES  APRIL 30, 2018
COMMISSION # 7612595

Douglass Sloan sent you a message on Facebook... - Yahoo Mail   https://us-mg6.mail.yahoo.com/neo/b/message?search=1&s=TGVfYS

  

douglas sloan     CARLOS   Account Info   Sign Out   Home

Inbox   Contacts   Notepad   Calendar

Compose                    Delete   Reply   Reply All   Forward   Actions          Apply

Check Other Mail             www.Bee...   We Found Douglass Sloan ·        Sponsored

Carlos

Inbox (27285)          **Douglass Sloan sent you a**      Tuesday, May 5, 2009 2 30 AM
                       **message on Facebook...**
Drafts                 From:  "Facebook" <notification+of6hoope@facebookmail com>
Sent                     To   "Carlos Allen" <carlos5716@yahoo com>

Spam (175)    [Empty]                                        Full Headers  Printable View

Trash (27)    [Empty]    Douglass sent you a message

My Folders    [Edit]     Subject  Action

                        "Carlos, The attorney has completed the paperwork to file charges of fraud
                        against you & your mother as she is listed as owner of the property  He
                        urged me to contact you again to try to work out a settlement because once
                        the action is filed there's no going back  The penalty for fraud in the District
                        of Columbia is a heavy fine and up to five years in prison  This is a federal
                        case and given the amount of money you owe and the fact that the federal
                        govt is prosecuting the majority of fraud cases right now, they are very likely
                        to pursue the charges  If you don't contact me asap to try to negotiate an
                        agreement, expect the action to be filed this week "

                        To reply to this message, follow the link below
                        http://www.facebook com/n/?inbox/readmessage php&t=1007773532651&
                        mid=69da4cG2a592fe1G19cc5e8G0

                        This message was intended for carlos5716@yahoo com. Want to control
                        which emails you receive from Facebook? Go to
                        http://www.facebook com
                        /editaccount php?notifications&md=bXNnQ2Zyb209ODg2MjEwNTc1Q3Q9MT
                        AwNzc3MzUzMjY1MTI0bz03MTA0ODgwMzM=&
                        mid=69da4cG2a592fe1G19cc5e8G0
                        Facebook's offices are located at 156 University Ave , Palo Alto, CA 94301



**OBAMA URGES HOMEOWNERS TO PAY OFF THEIR HOUSE AT A FURIOUS PACE IF THEY HAVE NOT MISSED A PAYMENT IN 6 MONTHS**

If you owe less than $300,000 on your home, use Obama's once in a lifetime mortgage relief program. The program is totally free and doesn't add any cost to your refi. The bad news is that it expires in 2016. You'll be shocked when you see how much you can save.

TAP YOUR AGE:

| TAP YOUR AGE: 18-25 | TAP YOUR AGE: 26-35 | TAP YOUR AGE: 36-45 |
|---|---|---|
| TAP YOUR AGE: 46-55 | TAP YOUR AGE: 56-65 | TAP YOUR AGE: OVER 65 |

**Calculate New House Payment**

Compose                    Delete   Reply   Reply All   Forward   Actions          Apply   Back to Search Results