The document below is hereby signed.

Signed: August 16, 2016



_S. Martin Teel, Jr._
_signature_

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CARLOS ALLEN, | ) | Case No. 16-00023 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DOUGLAS SLOAN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10027 |
| CARLOS ALLEN, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER DENYING
<u>PRAECIPE MOTION TO DISMISS WITH PREJUDICE FOR FRAUD ON THE COURT</u>

The defendant, Carlos Allen, has filed a _Praecipe Motion to Dismiss With Prejudice for Fraud on the Court_. The _Motion_ purports to be one under Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) and Fed. R. Civ. P. 12(b)(6) (failure to state a claim upon which relief can be granted).

Under 28 U.S.C. § 1334(b), the court plainly has subject

matter jurisdiction over the plaintiff's claims which arise under the Bankruptcy Code (11 U.S.C.), being claims to deny Allen a discharge under 11 U.S.C. § 727(a) and to determine that a debt is nondischargeable under 11 U.S.C. § 523(a).

As to Rule 12(b)(6), Allen contends that the complaint is barred by the statute of limitations under the D.C. Code. Allen's contention apparently is that the plaintiff, Douglas Sloan, is barred by the statute of limitations from having a claim for money damages, and thus is not a creditor for purposes of being eligible to pursue relief under §§ 523(a) and 727(a). However, as noted in *Hagan v. United States*, No. CV 12-916 (CKK), 2016 WL 3688426, at *3 (D.D.C. July 7, 2016):

> In this Circuit, it is well established that "[b]ecause statute of limitations issues often depend on contested questions of fact, dismissal is appropriate only if the complaint on its face is conclusively time-barred." *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014). Moreover, the D.C. Circuit has cautioned that "courts should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996). As other district judges in this district have explained, "Put another way, a defendant is entitled to succeed on a Rule 12(b)(6) motion to dismiss brought on statutes of limitations grounds only if the facts that give rise to this affirmative defense are clear on the face of the plaintiff's complaint." *Lattisaw v. D.C.*, 118 F.Supp.3d 142, 153 (D.D.C. 2015) (citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C.Cir.1998)); *accord Campbell v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 130 F.Supp.3d 236, 254 (D.D.C. 2015).

As in *Hagan*, because the face of the complaint alone does not demonstrate that the applicable statute of limitations bars the claims in this case, the request to dismiss based on the statute of limitations must be denied.  The issue turns on when a breach occurred, and that is a factual issue whose answer is not evident from the face of the complaint.

Allen also makes other contentions of a factual nature (*e.g.*, misconduct by Sloan's attorney) that do not appear on the face of the complaint and thus dismissal based on such factual assertions are similarly not appropriately pursued via a Rule 12(b)(6) motion.  For purposes of denying dismissal under Rule 12(b)(6), it is thus unnecessary to address whether such factual assertions, if proven, would be a basis for dismissing the adversary porceeding.

Accordingly, it is

ORDERED that the *Praecipe Motion to Dismiss With Prejudice for Fraud on the Court* (Dkt. No. 11) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

H:\common\TrefBK\Judge Temp Docs\Sloan v. Allen - Deny MTD.wpd