FILED
AUG 18 2016
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re: :
:
CARLOS R. ALLEN : Case No. 16-00023
    Debtor : Chapter 7
_____ :
:
DOUGLASS SLOAN :
    Plaintiff, : Adversary Case No. 16-00027
v. :
:
CARLOS R. ALLEN :
1715 Kilbourne Place, NW :
Washington, DC 20010 :
    Defendant :
_____ :

### DEFENDANT'S ANSWER TO CREDITOR DOUGLASS SLOAN'S AMENDED COMPLAINT OBJECTING TO DISCHARGE OF DEBTOR

Comes now, Carlos Allen, Pro se, and opposes Creditor Douglas Sloan's Amended Complaint Objecting To Discharge Of Debtor and states as follows:

1. The allegations contained in Paragraph 1 of the Amended Complaint are admitted.

2. The allegations contained in Paragraph 2 of the Amended Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Amended Complaint are admitted.

4. The allegations contained in Paragraph 4 of the Amended Complaint are admitted.

5. The allegations contained in Paragraph 5 of the Amended Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Amended Complaint are admitted.

7. The allegations contained in Paragraph 7 of the Amended Complaint are

admitted.

8. The allegations contained in Paragraph 8 of the Amended Complaint are admitted.

9. The allegations contained in Paragraph 9 of the Amended Complaint are admitted.

10. The Defendant is without knowledge to either admit or deny allegation in Paragraph 10 of the Amended Complaint, and therefore denies same.

11. The allegations contained in Paragraph 11 of the Amended Complaint are denied.

12. The allegations contained in Paragraph 12 of the Amended Complaint are denied.

13. The allegations contained in Paragraph 13 of the Amended Complaint are admitted.

14. The allegations contained in Paragraph 14 of the Amended Complaint are denied.

15. The allegations contained in Paragraph 15 of the Amended Complaint are denied.

16. The allegations contained in Paragraph 16 of the Amended Complaint are denied.

17. The allegations contained in Paragraph 17 of the Amended Complaint are admitted.

18. The Defendant is without knowledge to either admit or deny allegation in Paragraph 18 of the Amended Complaint, and therefore denies same.

19. The allegations contained in Paragraph 19 of the Amended Complaint are admitted.

20. The allegations contained in Paragraph 20 of the Amended Complaint are admitted.

21. The allegations contained in Paragraph 21 of the Amended Complaint are denied.

22. The Defendant admits the allegations contained in the first sentence of Paragraph 22, and is without knowledge to either admit or deny allegations in the second sentence of Paragraph 22 of the Amended Complaint, and therefore denies same.

23. The Defendant is without knowledge to either admit or deny allegation in Paragraph 23 of the Amended Complaint, and therefore denies same.

24. The allegations contained in Paragraph 24 of the Amended Complaint have been previously answered as to 1-23.

25. The allegations contained in Paragraph 25 of the Amended Complaint are admitted.

26. The allegations contained in Paragraph 26 of the Amended Complaint are denied.

27. The Defendant admits the allegations contained in the first sentence of Paragraph 27, and is without knowledge to either admit or deny allegations in the second sentence of Paragraph 27 of the Amended Complaint, and therefore denies same.

28. The allegations contained in Paragraph 28 of the Amended Complaint are denied.

29. The allegations contained in Paragraph 29 of the Amended Complaint are denied.

30. The allegations contained in Paragraph 30 of the Amended Complaint have been previously answered.

31. The allegations contained in Paragraph 31 of the Amended Complaint are admitted.

32. The allegations contained in Paragraph 32 of the Amended Complaint are denied.

33. The allegations contained in Paragraph 33 of the Amended Complaint are denied.

34. The allegations contained in Paragraph 34 of the Amended Complaint have been previously answered.

35. The allegations contained in Paragraph 35 of the Amended Complaint are denied.

36. The Defendant is without knowledge to either admit or deny allegation in Paragraph 36 of the Amended Complaint, and therefore denies same.

37. The allegations contained in Paragraph 37 of the Amended Complaint are denied.

38. The allegations contained in Paragraph 38 of the Amended Complaint are denied.

39. The allegations contained in Paragraph 39 of the Amended Complaint are denied.

40. The allegations contained in Paragraph 40 of the Amended Complaint have been previously answered.

41. The allegations contained in Paragraph 41 of the Amended Complaint are admitted.

42. The allegations contained in Paragraph 42 of the Amended Complaint are admitted.

43. The allegations contained in Paragraph 43 of the Amended Complaint are admitted.

44. The allegations contained in Paragraph 44 of the Amended Complaint is denied.

45. The allegations contained in Paragraph 45 of the Amended Complaint are admitted.

46. The Defendant admits the allegations contained in the first sentence of Paragraph 46, and is without knowledge to either admit or deny allegations in the second sentence of Paragraph 46 of the Amended Complaint, and therefore denies same.

47. The allegations contained in Paragraph 47 of the Amended Complaint are admitted.

48. The Defendant is without knowledge to either admit or deny allegation in Paragraph 48 of the Amended Complaint, and therefore denies same.

49. The allegations contained in Paragraph 49 of the Amended Complaint are denied.

50. The allegations contained in Paragraph 50 of the Amended Complaint are denied.

51. The allegations contained in Paragraph 51 of the Amended Complaint have been previously answered.

52. The allegations contained in Paragraph 52 of the Amended Complaint are admitted.

53. The allegations contained in Paragraph 53 of the Amended Complaint are denied.

54. The allegations contained in Paragraph 54 of the Amended Complaint have been previously answered.

55. The allegations contained in Paragraph 55 of the Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of the Amended Complaint are denied.

57. The allegations contained in Paragraph 57 of the Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of the Amended Complaint have been previously answered.

59. The allegations contained in Paragraph 59 of the Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of the Amended Complaint are denied.

61. The allegations contained in Paragraph 61 of the Amended Complaint are admitted.

62. The allegations contained in Paragraph 62 of the Amended Complaint are denied.

63. The Defendant is without knowledge to either admit or deny allegation in Paragraph 63 of the Amended Complaint, and therefore denies same.

64. The allegations contained in Paragraph 64 of the Amended Complaint are denied.

65. The allegations contained in Paragraph 65 of the Amended Complaint have been previously answered.

66. The allegations contained in Paragraph 66 of the Amended Complaint are admit.

67. The allegations contained in Paragraph 67 of the Amended Complaint are denied.

68. The allegations contained in Paragraph 68 of the Amended Complaint are denied.

69. The allegations contained in Paragraph 69 of the Amended Complaint are denied.

70. The allegations contained in Paragraph 70 of the Amended Complaint are denied.

71. The allegations contained in Paragraph 71 of the Amended Complaint are denied.

72. The allegations contained in Paragraph 72 of the Amended Complaint are denied.

73. The allegations contained in Paragraph 73 of the Amended Complaint are denied.

74. Plaintiff's claim is time barred by the statute of limitations as the breach of the loan agreement took place, as stated by Plaintiff in Paragraph 7, in 2008. (See Exhibit A, attached hereto, as claim 3-1 filed by Plaintiff on May 14, 2009.)

75. The Plaintiff does not possess a valid claim.

Wherefore, it is prayed that this Court deny relief sought by the Plaintiff, and grant such other and further relief as is just and proper.

Respectfully submitted,

Carlos Allen
*/s/ Carlos Allen*
1715 Kilbourne Place, NW
Washington, DC 20010
*Pro se*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Amended Complaint was hand delivered and mailed, first class, postage pre-paid this 18th day of August, 2016 to:

Wendell W. Webster
Webster & Fredrickson, PLLC
1775 K Street, NW
Suite 600
Washington, DC 20006


Howard Haley, Esq.
The Haley Firm, PC
7600 Georgia Avenue, NW #405
Washington, DC 20012

*/s/ Carlos Allen*
Carlos Allen

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT  United States Bankruptcy Court for the District of Columbia | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Anna Maria Allen | Case Number: 09-00231 |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| | |
|---|---|
| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>DOUGLASS SLOAN | ☐ Check this box to indicate that this claim amends a previously filed claim. |
| Name and address where notices should be sent:<br>DOUGLASS SLOAN<br>7600 GEORGIA AVE NW SUITE 208<br>WASHINGTON DC 20012-1616 | **FILED**<br>MAY 14 2009<br>Clerk, U.S. District and Bankruptcy Courts<br><br>Court Claim Number:_____<br>(*If known*) |
| Telephone number: 202-829-0674 | Filed on:_____ |
| Name and address where payment should be sent (if different from above): | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | ☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $ 80,000.00

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** Money Loan
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

  **3a. Debtor may have scheduled account as:** _____
  (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $ _____    Annual Interest Rate   %

Amount of arrearage and other charges as of time case filed included in secured claim,
if any: $ _____   Basis for perfection: _____

Amount of Secured Claim: $ _____    Amount Unsecured: $ _____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. §507 (a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. ∅

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*\*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 05/14/09 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  *Douglass Sloan* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.



039609

# Promissory Note with Equity Interest Conversion feature

| | |
|---|---|
| Date: | July 23, 2008 |
| Borrower: | Carlos Allen |
| Borrower's Address: | 9709 Manteo Court |
| | Fort Washington, MD 20744 |
| Payee: | Douglass Sloan / Karen James |
| Place for Payment: | 7600 Georgia Avenue, NW Suite 208 |
| | Washington, DC 20012 |
| Principal Amount: | $60,000.00 |
| Term: | 60 (days) |
| Rate: | 20% |

**INTEREST RATE:** The interest rate on matured, unpaid amounts shall be the maximum amount permitted by the Laws of the District of Columbia.

**PAYMENT TERMS.** This Note is due and payable as follows: A single payment of $72,000.00, which shall comprise the total indebtedness hereunder, including principal and interest. Such amount shall be payable in full or, if necessary, in multiple payments until paid in full. If the payment(s) is not paid on prior to the end of the Term, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the District of Columbia.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, with all interest due as if such indebtedness were carried to maturity.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the Rate stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults, or if Payee has reasonable purpose to believe Borrower will default, in the payment of this Note or in the performance of any obligation, subject to any cure periods, then Payee may declare the unpaid principal balance and interest to maturity on this Note immediately due and payable. Borrower waives all demands for payment, presentation for payment, notices of intentions to accelerate

maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** Failure by Borrower to remit payment within the 60th day following the date that such payment is due entitles the Payee hereof to an additional 2% interest on the entire indebtedness. Failure by Borrower to remit payment within another 60 days shall entitle Payee to an additional 2% interest for a second cycle. Payee's forbearance in enforcing a right or remedy, as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Subject to "Conversion to Equity Interest" below, Interest on this debt evidenced by this Note shall not exceed the maximum amount of interest that may be contracted for, taken, reserved, charged, or received under law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt. If interest amounts pursuant to this Note are, for any reason, considered usurious, Payee shall have the sole discretion and right to designate and convert indebtedness under this Note into an equity position in the "Subject Property" as set forth in "Conversion to Equity Interest" below.

**CONVERSION TO EQUITY INTEREST.** If for any reason, interest to be earned pursuant to indebtedness under the Note is considered usurious or, alternatively, at the sole option of Payee, Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the "Property"). Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property. Borrower shall execute, or arrange for the execution of, any document and do anything necessary to ensure Payee's interest in the Property and to ensure Payee is paid the Equity Amount to Payee pursuant to this paragraph.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay all costs of collection and enforcement, including reasonable attorney's fees and all costs in addition to other amounts due under this Note.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the

application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the District of Columbia, without reference to conflict of law provisions.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 23rd day of July, 2008.

_____
Carlos Allen

_____
Douglass Sloan

_____
Karen James

_____
Witness