UNITED STATES BANKRUPCY COURT
FOR THE DISTRICT OF COLUMBIA

_____

| | |
|---|---|
| In re: ) | |
| ) | |
| CARLOS ALLEN ) | Case No. 16-00023 |
| ) | Chapter 7 |
| Debtor. ) | |
| ) | |
| _____) | |
| ) | |
| DOUGLASS SLOAN ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary Proceeding No. |
| ) | 16-10027 |
| CARLOS ALLEN ) | |
| 1715 Kilbourne Place, NW ) | |
| Washington, DC 20010 ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEBTOR

COMES NOW Plaintiff, Douglass Sloan, a scheduled creditor of the Bankruptcy Estate of Carlos Allen, by and through counsel, and submits this Opposition to Debtor's Motion for Summary Judgment.  Plaintiff states as follows in support of his opposition:

The Defendant Debtor, Carlos Allen (hereinafter "Allen") has answered/responded to the allegations of the complaint filed in this matter. (Docket Entry #18) Defendant Allen has filed a Motion for Summary Judgment and it is opposed by the Plaintiff. The present motion filed by Allen lists the only reason for his request for summary judgment is that the Plaintiff fails to state a claim upon which relief can be granted. (Allen's Motion @ docket 22 pg. 16)

The motion for summary judgment filed by Allen does not have an enumerated list of material facts not in dispute.  The following are the facts that are not in dispute followed by the

1

extensive facts that are in dispute.

# I.  **Statement of Undisputed Facts**

The Plaintiff hereby submits a statement of undisputed facts:

1.    Allen ADMITTED that this court has jurisdiction over the adversarial proceeding. (Allen's Answer ¶ 1)

2.    Allen ADMITTED that this adversarial proceeding is a core proceeding. (Allen's Answer ¶ 2)

3.    Allen ADMITTED that this venue was appropriate. (Allen's Answer ¶ 3)

4.    Allen ADMITTED that Plaintiff Sloan is a scheduled creditor and that he is seeking a judgment in the amount of $159,287.93. (Allen's Answer ¶ 4)

5.    The promissory note included a provision that *all* attorney fees and expenses necessary for collection of the debt are the responsibility of Allen. (AP Complaint, Docket #3 Ex. #1)

6.    Allen ADMITTED that he is an individual debtor in this matter. (Allen's Answer ¶ 5)

7.    Allen ADMITTED that he executed the Promissory Note that is the subject of this complaint. He has not denied it was a valid document. (AP Complaint Docket #3 Ex. #1; Allen's Answer ¶ 8)

8.    Allen ADMITTED that he obtained a personal loan from the Plaintiff in the amount of $60,000. (Allen's Answer ¶ 6)

9.    Allen ADMITTED that he agreed to the loan terms which included payment within 60 days and included an initial fixed rate of return (20%) requiring a payment of $72,000. (Allen's Answer ¶ 7)

10.    Allen ADMITTED that he failed to pay the loan as promised. (Allen's Answer ¶ 7)

11.    Allen ADMITTED that the loan included an interest rate if not paid within 60 days it would incur interest at the highest rate under the law: 24%. (Allen's Answer ¶ 8)

12.    Allen ADMITTED that he acted as Attorney in Fact in the sale transaction for the subject property. (Allen's Answer ¶ 66)

13.    Allen ADMITTED that the Plaintiff filed suit in DC Superior Court (Case# 2013 CA 005339 R(RP)) *Pro Se* for non-payment of the loan. (Allen's Answer ¶ 9)

14.    Allen filed a voluntary petition for bankruptcy on January 20, 2016.

15.    Allen ADMITTED to having received payments from PayPal within 1 year of filing the

bankruptcy that were not disclosed on his schedules. (Allen's Answer ¶27, 46)

16.    Allen did not provide any records or books associated with any business enterprise which was discovered and alleged he was involved. (AP Complaint ¶36, 45,

17.    Allen ADMITTED that pursuant to 11 U.S.C. 727 (a)(4)(A) the Court shall grant a discharge unless the debtor knowingly and fraudulently in connection with the case, made a false oath or account. (Allen's Answer ¶41)

18.    Allen ADMITTED that he was authorized to encumber the subject property with the loan in order to rehabilitate it to sell for profit. (Allen's Answer ¶ 61)

## II. STATEMEN OF DISPUTED FACTS

1.    Allen denied inducing the Plaintiff to loan him money under the guise of repairing his mother's home and repaying the debt from the proceeds of the sale when he had no intention of repaying the debt. (Allen's Answer ¶11.)

2.    Allen denied orchestrating the fraudulent transfer of funds from the proceeds of the property sale to divest the Plaintiff of his interests related to the loan. (Allen's Answer ¶12)

3.    Allen denied that he failed to disclose assets on his Schedule of Assets and Liabilities he filed (Allen's Answer ¶ 15-16)

4.    The Schedule of Assets and Liabilities filed in this matter (Bankruptcy Docket #6 & # 63) do not include the assets indicated in the Plaintiff's Amended Complaint. (Complaint, Docket #3 @ ¶15-16)

5.    Allen ADMITTED that he submitted documents that indicate the value of his home is $985,000. (Allen's Answer ¶ 17)

6.    Plaintiff submitted a valuation report indicating the value of the property was $1,198,000. (AP Complaint, Docket #3 Ex. #3)

7.    Allen ADMITTED that he was the Marketing Officer of AMG, Inc. at his 341 Hearing. (Allen's Answer ¶19)

8.    DCRA records indicated that Allen was the President of AMG, Inc. (AP Complaint, Docket #3 Ex. #4)

9.    Eagle Bank records reflect that Allen signed the bank documents as President. (AP Complaint, Docket #3 Ex. #5)

3

10.    Allen ADMITTED that Karen Brooks was the President of AMG, Inc. (Allen's Answer ¶20) this conflicts with the records from the bank and the DCRA based on filings of Allen.

11.    Allen denied having any financial responsibility on behalf of AMG, Inc. (Allen 341 Hearing)

12.    Allen opened an account at Capital One Bank – he signed as a Board Member for an account ending in XX5748. (Exhibit G, attached)

13.    Allen initially failed to disclose the bank account on his schedules (after the 341 he disclosed it as a personal bank account; however, the account at Industrial Bank is a campaign finance account for Carlos Allen for Mayor. This account reflects payments received from PayPal after the filing of the bankruptcy. (AP Complaint, Docket #3 Ex. #6)

14.    Allen denied failing to disclose Mayor Allen merchandise; however, the products were marketed on the web for sale. (AP Complaint, Docket #3 Ex. #7)

15.    Allen ADMITTED that he testified that Karen Brooks made payments to Selene Finance in the amount of $16,000; yet he denied knowing that the AMG, Inc. account at Eagle Bank for which he was the sole signor was closed in 2014. (Allen's Answer ¶22)  Allen was notified at his home address by letter from Eagle Bank that the account was scheduled to be closed. (AP Complaint, Docket #3 Ex. #5)

16.    Allen denied any knowledge of how the payment was made to Selene Finance (Allen's Answer ¶23); however, he stated at the 341 Hearing that Karen Brooks made the payment for his mortgage through AMG, Inc.'s account. (Reflected on Doc 83 Page 2 of 13; Webster 341 meeting 4-7-2016 @ 31:15)

17.    Allen denied that he used the bank account owned by his political campaign: Carlos Allen for Mayor (Allen's Answer ¶26); further, his schedules did not indicate it was a political campaign checking account. (Bankruptcy Docket #63).

18.    Allen denied marketing Mayor Allen merchandise online and failed to disclose any records related to either sales, marketing, or payments related to the same. (Allen's Answer ¶28)

19.    Plaintiff submitted exhibits related to the online marketing and PayPal payments (AP Complaint, Docket #3 Ex. #7; Opposition, Docket #9 Ex. #3)

20.    Allen denies that his actions in failing to disclose assets were intended to hinder and delay

the Plaintiff's efforts to find and identify Defendant's assets and avoid their discovery by other creditors. (Allen's Answer ¶ 29)

21.     Allen denied that he failed to identify all assets or financial accounts owned by Defendant and located in banks within the United States in an attempt to hinder, delay, or defraud his creditors. (Allen Answer ¶ 33) However, Allen ADMITTED that he failed to disclose the existence of his multiple PayPal accounts (located in the United States) through which he received payments and made purchases. (Allen Answer ¶ 27)

22.     Allen also failed to disclose an additional Capital One account opened April 11, 2016 and closed June 11, 2016 (account number ending in xx01163).  Further, Allen failed to disclose the Capital One accounts on his amended schedules. (Bankruptcy Docket #81)

23.     Allen denied that he concealed, destroyed, falsified, or failed to keep or preserve any recorded information including: books, documents, records, and papers from which the debtors financial condition or business transactions might be ascertained. (Allen's Answer ¶ 35) However, Plaintiff has presented bank records showing that Allen signed as President (AP Complaint, Docket #3 Ex. #5); Plaintiff has discovered records regarding the merchandising of Mayor Allen products/music and the merchandising of Healer Cream and advertising for employment of sales professionals for Healer Cream using the telephone number of Allen in the advertisements (AP Complaint, Docket #3 Ex. #7)

24.     Allen denied being asked at the 341 Hearing (Webster 341 meeting 4-7-2016 @ 39:12, etc.) to provide books, records, documents related to Mayor Allen merchandise and ownership of AMG, Inc. (Allen's Answer ¶¶ 36-39)

25.     Allen failed to disclose the income streams from Healer Cream, AMG, Inc., Mayor Allen merchandise, etc. (Allen's Answer ¶¶ 36-39)

26.     Defendant testified at his First Meeting of Creditors that he had no ownership in AMG, Inc. (Webster 341 meeting 4-7-2016 @ 29:32 – 31:14)

27.     Defendant testified that his wife – Karen Brooks – was the owner and president of AMG, Inc. (Webster 341 meeting 4-7-2016 @ 31:51)

28.     Per DCRA Defendant is the President and Sole Officer of AMG, Inc. (AP Complaint, Docket #3 Ex. #4)

29.     Allen testified that he had had no sales of Mayor Allen merchandise or music. (Webster 341 meeting 4-7-2016 @ 48:00); however, payments were received.

30.     Allen has received payments from PayPal, Inc. – Allen knowing and fraudulently failed to disclose the source or basis of those payments. (Objection, AP Docket #9 Ex. #3)

31.     Allen testified at the Meeting of Creditors that AMG, Inc. sold a bus owned by AMG, Inc. in order to pay his attorney and bring his debt to Selene Finance current. (Webster 341 meeting 4-7-2016 @ 32:06 – 40:25) However, bank records at the time indicated that Allen was the sole signor on the account and executed documents as President of AMG, Inc. (AP Complaint, Docket #3 Ex. #5)

32.     No records related to that sale have been produced.  Allen testified that he could not remember to whom the bus was sold.  Further, the proceeds of the sale were given to Allen as a loan as disclosed in his schedules. (Bankruptcy, Docket #63)

33.     Allen knowing and fraudulently failed to accurately account for the proceeds of that loan during his 341 meeting. (Webster 341 meeting 4-7-2016 @ 32:06 – 40:25)

34.     Allen knowing and fraudulently failed to accurately identify all his assets in an attempt to hinder, delay and defraud his creditors. (AP Complaint ¶¶ 41-50)

35.     Allen denied that he has failed to explain satisfactorily any loss of assets or deficiency of assets to meet his liabilities. (Allen's Answer ¶ 55-57)

36.     Allen has elected to willfully remain unemployed. Defendant stated that he was employed by US Airways and just stopped going to work – Allen stated that he was unemployed (Webster 341 meeting 4-7-2016 @ 25:41) and subsequently stated he was on a leave of absence (Webster 341 meeting 4-7-2016 @ 26:54 – there was discussion of an undiagnosed illness; however, no records or documents were ever provided; although, they were requested.).

37.      Allen denied that he agreed to the terms of the note. (Allen's Answer ¶ 62)

38.     Allen denied knowing the terms of the loan (Allen's Answer ¶ 62); however, Allen signed the Promissory Note that is the subject of the Plaintiff's claim.  (AP Complaint, Docket #3 Ex. #1)

39.     AP Complaint ¶¶ 63-64 are disputed by Allen. (Allen's Answer ¶¶ 63-64)

40.     AP Complaint ¶¶ 67-68 are disputed by Allen. (Allen's Answer ¶¶ 67-73)

41.     Allen acted on behalf of Anna Allen during the sale of the property, Allen signed the settlement documents, Allen received the check issued to AMG, Inc. (Exhibit A, attached)

42.     Allen used the funds issued to AMG, Inc. to open an account at Eagle Bank – where he signed as President of AMG, Inc., Allen also opened an account with Capital One Bank – where he signed as a Board Member of AMG, Inc. (AP Complaint, Docket #9 Ex. #2)

43.     Allen's Answer ¶¶ 74-75 are disputed. (Objection, AP Complaint Docket #9, Section D)

44.     Allen issued checks and cashed checks on behalf of AMG, Inc. (Exhibit C & E, attached

III.     **STANDARD OF REVIEW**

Summary judgment is governed by Rule 56 of the Federal Rules of Civil Procedure. Generally, summary judgment may be issued on all claims or certain claims of the lawsuit. Issuance of summary judgment is primarily based on the following two factors: (1) there are no genuine issues of material fact which requires a trial to resolve, and (2) the movant is entitled to judgment as a matter of law.

In the instant case, there are material facts that are in dispute as previously stated and a trial is required to resolve the issues presented.  As such, summary judgment is not proper.  Allen has acknowledged committing the acts that led to the creation of the debt to the Plaintiff.  For these reasons, the granting of summary judgment is not proper when viewed in light of the existence of material facts that are in dispute.

Second, it is unlikely that Allen would prevail at trial and he is not entitled to judgement as a matter of law.  The facts of this case demonstrate that a fraud has been committed.  The facts indicate that Allen has lied to the Court.  The facts indicate that Allen has submitted false documents to the Court (his schedules and exhibits) by omission.  Allen has admitted that he failed to provide a full accounting of his financial affairs to the Court by omission of accounts held at PNC, Capital One, and PayPal.  Accounts for which he has access and has used for various financial needs either before, during, and after the bankruptcy in this matter was filed.  Allen has admitted/confirmed that he filed the bankruptcy solely for the purpose of avoiding having to pay the Plaintiff the monies owed under the terms of his agreement.  Allen has admitted that the complaint filed in DC Superior Court preceded the filing of his bankruptcy by several years.  For these reasons it is clear that the movant – Allen – is not entitled to judgment as a matter of law.

Allen's motion for summary judgment (AP Complaint Docket #21) states that the motion should be granted because the Plaintiff fails to state a claim where relief can be granted.   He stated there were no material facts in dispute and that he is entitled to judgment as a matter of law.  There are material facts in dispute enumerated above in Section II – Statement of Disputed Facts.  He is not entitled to judgment as a matter of law because the disputed facts require a fact finder to determine the issues presented in the Plaintiff's complaint.

ARGUMENT

The Court should only grant summary judgment where there are no material facts in dispute and the movant is entitled to judgment as a matter of law.  Here there are many facts that are in dispute which are material to the allegations of the complaint of the Plaintiff.  There has been no dispute of the allegations regarding the fraud alleged to have been committed by Allen

supported by any presented evidence.   There has been evidence submitted to support the Plaintiff's claim regarding the alleged fraud.   He has disputed the allegations of <u>Count One of the Complaint</u>, namely that he concealed the property held in the account at Capital One, the other accounts at PNC, and the monies held in the Carlos Allen for Mayor account at Industrial Bank before the filing of the bankrupcty.   He does admit that the accounts exist and that he has access to them.   He has not disputed that he has the ability to use them at his discretion and did not account for monies expended within a year of the filing of his bankruptcy.   Allen never disclosed the other bank accounts until it was mentioned in the complaint filed by the Plaintiff; however, he still never presented the records of those accounts to the trustee.

He has disputed that he has property rights to digital music that is for sale online under his moniker: Mayor Allen.   He has not provided any information regarding the sale of said items, nor where the proceeds would be deposited or how said payments could be discovered by the Trustee Wendell Webster.   He claimed that there were no sales of any Mayor Allen items during his 341 Hearing; however, he deposited checks issued to AMG, Inc. into an account where he indicated that he was a Board Member – contrary to his testimony at the 341 Hearing that he was only the Marketing Officer.   This is evidence of his failure to be truthful to the Court.

With regard to <u>Count Two of the Complaint</u> Allen concealed the property held in the account at Capital One, the other accounts at PNC, and the monies held in the Carlos Allen for Mayor account at Industrial Bank after the filing of the bankrupcty.   He does admit that the accounts exist and that he has access to them.   He has not disputed that he has used them at his discretion and did not account for monies expended after the filing of his bankruptcy.   Allen filed his initial schedules with only the mention of Capital One account; however, as stated above, he removed that account upon the filing of his amended schedules on two other occasions.   Allen

filed a motion that suggests that he only has 1 account at PNC; however, the bank acknowledges that he has multiple account numbers and he failed to disclose the joint accounts held with Anna Allen.  Further, he did not disclose the new Capital One account opened in April, 2016. (Exhibit B, attached)

Regarding <u>Count Three of the Complaint</u> Allen provided an affidavit that purports to claim that Karen Brooks has been the sole owner and operator of AMG since its inception. However, Allen did not dispute that he incorporated AMG.  He did not provide any records from DCRA that indicated the ownership of AMG was solely held by Karen Brooks.  He failed to provide any records from any bank regarding the existence of the account held by AMG being under the control of Karen Brooks.  In fact, the affidavit states that Karen Brooks owns all property held under the name Mayor Allen and is the sole owner operator of AMG, Inc.  Allen failed to disclose that all property held under the name Mayor Allen was owned solely by Karen Brooks at his 341 Hearing before Trustee Webster.  He affirmatively answered that he owned backpacks and music that he claimed no sales had been made.  Payments were made to AMG, Inc. for interest on multiple occasions to the account where Allen was the sole signor.  (Exhibit C, attached) This contradicts with his 341 testimony that he was only the Marketing Officer and he had no financial authority. Yet, he provided no records to support his claim of no sales, nor did he disclose that it was owned by someone else.  It is believed that this affidavit is a fabrication and discovery is necessary to determine its validity.  However, no discovery responses have been received from Allen as of the filing of this objection.

Allen did not dispute that allegations contained in <u>Count Four of the Complaint</u> that he provided false testimony before Trustee Webster.  The Complaint alleges multiple statements in his testimony that have been contradicted by the evidence already presented to the Court by way

of exhibits.  He admits via his motion to the existence of accounts he did not disclose on his schedules, he admits via his motion the amount of money deposited to his account is different from the amount he testified to under oath at the 341 Hearing before Trustee Webster.  He has provided no evidence that there was any payment to Selene Finance by AMG.  He has provided no records of any loan from AMG – other than the statement on his schedules and his testimony at the 341 Hearing before Trustee Webster.

Allen has disputed the allegations contained in <u>Count Five of the Complaint</u> that he knowingly withheld information regarding his estate by way of records, books, accounting, and other documents relating to the financial affairs to which the Trustee Wendell Webster was entitled.  Allen has not provided any evidence that contradicts the allegations stated in the complaint.  The absence of any evidence supporting his dispute, requires fact finding by the Court.  Evidence has been presented by the Plaintiff that demonstrate that financial documents were not provided that were in existence and Allen was required to disclose their existence and provide the requisite documents, etc. under the rules of this Court.

Allen disputed the allegations contained in <u>Count Six of the Complaint</u> regarding the drastic decline in his income immediately before he filed for bankruptcy.  He testified that he was on extended sick leave from his employment; however, he has provided no evidence that supports this claim.  It is believed that he orchestrated this bankruptcy to defraud the Plaintiff and to further his malicious divestment of the property interest of the Plaintiff.  The absence of any evidence to support his denial requires the Court to determine the truth of the matter.

Allen did admit most of the allegations contained in <u>Count Seven of the Complaint</u>.  He admits that he borrowed money from the Plaintiff.  He admits he promised to pay the money pursuant to the note as claimed by the Plaintiff.  He admits that he failed to pay as promised. He

admits that he made some payments, but failed to pay the balance of the note.  It is disputed that there was any accord and satisfaction or that there was a modification of the agreement.  The Plaintiff has applied credit for the payments that were made under the agreement (Proof of Claim filed in this matter); however, the balance was never waived by the Plaintiff and a lawsuit was filed to obtain a judgment to recover the monies due to the Plaintiff.  If any such agreement had been made the Plaintiff would not have initiated a law suit *pro-se* in the DC Superior Court.  It was not until the Plaintiff obtained counsel that Allen sought a bankruptcy filed by his co-defendant Anna Allen in GA and subsequently he filed the instant bankruptcy in DC to frustrate the legal process of recovery afforded to the Plaintiff.  Allen used the bank accounts of AMG, Inc. to pay fees toward the bankruptcy filed by Anna Allen in Georgia. (Exhibit D, attached)

Allen has not disputed Count Eight of the Complaint.  Plaintiff alleges that Allen caused funds from the proceeds of the subject property to be diverted to an entity the he created 5 days after the sale transaction.  He either knew or should have known that the property was encumbered by the loan he obtained from the Plaintiff.  Allen was a mortgage professional and owned AFS Mortgage at the time of the loan.  His experience and knowledge of the mortgage process elevates his position to professional rather than ordinary citizen as it relates to this transaction.  His knowledge and experience as a mortgage broker demonstrates he knew the ramifications of the note on the property and upon the proceeds of the sale.  His elaborate transfer scheme included the creation of AMG, Inc. and the opening of the bank account 5 days after the sale occurred.  Allen does not dispute that he opened the account and that he was the only signor on the account in which the monies were deposited.  Further, the Plaintiff has presented documents that prove the Allen was the party who incorporated AMG, Inc. on August 7, 2013 and his using the funds issued to AMG, Inc. to open an account at Eagle Bank in which he signed

the initiating documents as President.

<u>Statute of Limitations</u>

Allen argues in his memorandum that this case is barred by the Statute of Limitation; however, his understanding of the statute is incorrect. It is not disputed when Defendant Allen filed his bankruptcy petition.  It is not disputed when the note instrument was executed by the parties.  It is not disputed when the Plaintiff filed his lawsuit seeking to recover from the Defendant in August, 2013.  It is disputed when the Statute of Limitations began to run.  The Statute of Limitations (SOL) began to run at the time the Plaintiff either knew or should have known that the Defendant materially breached the agreement.  The Defendant mistakenly believes that the date the contractual agreement was made was the date that tolled the SOL.  However, the Defendant is wrong.  The SOL begins "from the time the right to maintain an action accrues". DC Code §12-301 provides guidance as to when the SOL begins the relevant sections are (3) and (7):

Except as otherwise specifically provided by law, actions for the following purposes may not be brought after the expiration of the period specified below from the time the right to maintain the action accrues:

***(3) for the recovery of damages for an injury to real or personal property— 3 years;***

***(7) on a simple contract, express or implied— 3 years***;

In the instant action the Defendant failed to pay under the terms of the initial agreement as required.  The agreement was founded and secured with an equity interest in the property for which the money was lent.  The agreement called for the rehabbing of a house for sale and the proceeds of the sale were to be used to repay the note.  Thus, the right to maintain an action did not accrue until after the sale of the property that contained the equity interest of the Plaintiff.

The date of the sale was August 2, 2013 and the date to make payment was August 12 at the latest.  However, the Plaintiff could have filed a collection action upon the failure to make payment in 2013 the right to maintain an action accrued the date the Defendant failed to pay under the terms of the note once the property was sold.  The allegation of fraud in the complaint is due to the funds being directed to an entity (AMG, Inc.) created by Allen 5 days after the sale.

Further, Allen incorrectly states that Plaintiff filing a proof of claim in a bankruptcy filed by Anna Allen tolls the statute.  It does not.  The filing of a proof of claim was to protect the interests of the Plaintiff against Anna Allen (a co-defendant in the DCSC Case).  The bankruptcy in which the proof of claim was filed was dismissed for bad faith.  There was no grant of a discharge.  Allen also made payments toward the note after the dismissal of the bankruptcy. Allen's payments were toward the balance of the note as it was accruing interest and would have eliminated any possibility of any statute of limitations being triggered.  Allen made payments through 2014.  Thus, under his own premise – the SOL would not have been until well into 2017.

The Plaintiff filed the complaint in DCSC August 2, 2013 and adequately preserved his right to seek redress in this action.

<u>Allen's Memorandum Errors</u>

Allen has submitted a memorandum of points and authorities in which he has cut and pasted sections of the Consolidated Motion to Dismiss filed by Counsel for Karen Brooks and AMG, Inc.  He has also cut and pasted sections of my Opposition regarding the actions of Karen Brooks, Karen Brooks as purported to be the owner of AMG, Inc., and Carlos Allen as an employee of AMG, Inc.   However, he presumes that the dispute with the statements in the motion are facts relevant to only him.  They are facts that are argued against all defendants in the matter being opposed.

14

Opposing counsel's position in the DCSC case is not sufficient to support Allen's contentions that are contradicted by his own testimony and his lack of evidence in this matter. Allen's memorandum pages 2-5 were cut directly from the argument of Karen Brooks counsel with regard to the fifth amended complaint filed in DCSC.   The argument does not pertain to Allen.

The opposition demonstrates that Allen as an Officer and employee of AMG, Inc. acted in a manner consistent with the conspiracy and the fraud alleged in the complaint.   There is sufficient evidence to meet the preponderance of evidence required to meet the conditions of all counts alleged in the Complaint Objecting to Discharge filed by the Plaintiff in this matter. There is a reasonable basis for the Court to draw inferences from the facts that there are genuine issues of material facts in dispute. Therefore, summary judgment is not appropriate.

The memorandum suggests a second premise that there are no material facts in dispute. As demonstrated above in Sections 1 &2 there are a variety of material facts in dispute. Therefore, the premise put forth by Allen does not avail him to obtain summary judgment in his favor.

Pursuant to FCP Rule 56 the Plaintiff has enumerated facts that are in dispute that are cited to in the record and presented evidence supporting the facts stated.   Thus, the movant (Allen) has failed to demonstrate that there are no material facts in dispute.

<u>Allen Memorandum Section I</u>

 Plaintiff did not file a complaint in this matter for breach of contract.   As previously stated, the Plaintiff properly preserved his right to a cause of action by filing a complaint upon learning of the sale of the property and the transfer of the funds owed to him from the sale to a entity that was not in existence at the time.   Allen improperly contends the SOL began when he

failed to make timely payments in 2011 or that the filing of a proof of claim was a filing regarding a breach of contract. It was merely a protection step the Plaintiff was required to take to preserve his rights should the bankruptcy have moved forward. It was dismissed for bad faith. Therefore, the Plaintiff preserved his rights against Anna Allen. It would not have affected the rights against Allen in any event. Allen subsequently made payments under the terms of the contract through 2014 after the filing of the complaint. Each of the payments made by Allen are given credit on the proof of claim filed in this matter by the Plaintiff.

### Allen Memorandum Section II

This section of the memorandum requires no response. The Plaintiff properly preserved his rights to a cause of action by filing his initial complaint in August 2013. The SOL would not have tolled until August 12, 2016 at the earliest or March 2017 at the latest. As such Allen's reliance upon _Commonwealth ex rel Fisher v. Cole_, 709 A.2d 994 is inapplicable to the proceeding in DCSC or in this court.

The claim of the Plaintiff is enforceable as the right to a cause of action did not accrue until the subject property was sold and the funds due to the Plaintiff were not delivered by Allen.

### Allen Memorandum Section V (b) – (e)

The adversarial complaint in this matter relates to objection to discharge related violations of the bankruptcy code. Allen has not provided evidence to rebut the allegations in this complaint. The Plaintiff has provided sufficient evidence to support the preponderance of the evidence standard that should result in the dismissal of the bankruptcy sought by Allen.

The DCSC Case has multiple counts that have evidence to support those counts; however, discovery in that matter has not yet been completed and there has been evidence provided to counsel for Allen that supports the allegations of the Plaintiff. The material

submitted by Allen relates only to the late added defendants and is not applicable to Allen.  His integral role in the fraud shall be made clear by the evidence submitted there.  However, the exhibits and objections have not been yet filed.  The evidence of the relationship between Allen and his co-defendants can be made clear in this court as well. There are checks drawn on the Capital One account that Allen claims made payments to AMG, Inc. (Exhibit E, attached)

The allegations of fraud, conspiracy, misrepresentation, and fraud of the inducement are pled in the Plaintiff's Fifth Amended Complaint. (Exhibit F, attached)

Allen has not yet answered the complaint or submitted any evidence to rebut the allegations.  However, as he has filed a motion for summary judgment – the facts alleged in the complaint are to be construed as true.

**WHEREFORE**, based on the foregoing, Plaintiff, Douglass Sloan, hereby respectfully requests that this Court deny the Defendant's Motion for Summary Judgment and grant the relief requested in the Plaintiff's complaint:

A.      Deny Defendant, Carlos Allen a discharge of any debts in this Chapter 7 case;

B.      Determine that the Statute of Limitations has not been tolled

C.      Determine that the Plaintiff does have a cause of action.

D.      Grant such other and further relief as is just and proper in this case.

Respectfully Submitted

Date:   November 30, 2016                       /s/ Howard Haley_____
                                                Howard Haley, Esq. (999376)
                                                7600 Georgia Ave, NW #405
                                                Washington, DC 20012
                                                (202) 810-6329
                                                (202) 706-7375 (fax)
                                                haleyfirm@gmail.com

17

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that copies of the foregoing Creditor Douglass Sloan's Opposition to Motion for Summary Judgement of Debtor and the attached Exhibits were served on the following on this 30th day of November by the Electronic Case Filing system and U.S. mail, postage prepaid, addressed as follows:

Carlos Allen
1715 Kilbourne Place, NW
Washington, DC 20010

/s/ Howard Haley
Howard Haley, Esq. (999376)
The Haley Firm, PC
7600 Georgia Ave, NW #405
Washington, DC 20012
(202) 810-6329
(202) 706-7375 (fax)
haleyfirm@gmail.com