UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In Re:

    Carlos Roberto Allen                    Case No. 16-00023
                                                       Chapter 7

              Debtor.

_____

Douglass Sloan

              Plaintiff,

v.                                           Adversary Proceeding No. 16-10027

Carlos Roberto Allen

              Defendant.

## **RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      COMES NOW, Defendant, Carlos Roberto Allen, through counsel, and file this response to Plaintiff's motion for summary judgment and for grounds thereof states as follows:

1. Plaintiff filed a motion for summary judgment which is lengthy, but short on facts, which even if true (although many are not), do not rise to the level of conduct required under bankruptcy law to deny this debtor a discharge.

2. Most importantly, the Chapter 7 trustee in this case, Wendell Webster who presided over the creditor's meeting, and had the opportunity to follow up on any of the facts upon which Plaintiff rests his motion, has <u>not</u> seen fit to try to deny this debtor his discharge or asked for the additional documentation to supplement the filing and which the Plaintiff complains of to support his motion, such as the PayPal accounts and the disputed ownership of entities such as AMG and Healercream (or the value of such entities to the bankruptcy estate).

3. Mr. Webster, as a very experienced trustee, asked all the questions he thought needed to be asked, obtained the responses he thought were adequate from the debtor, and got the

cooperation and documentation he needed from the debtor to do his job. In light of the foregoing, Mr. Webster has not moved to deny this debtor a discharge.

4. The debtor prepared his final schedules with the help of experienced bankruptcy counsel, Richard Gins. And then amended the schedules as instructed.

5. Except for Plaintiff, no one with significant bankruptcy experience has indicated that there was actionable conduct by the debtor sufficient to deny him a discharge.

6. In short, from a bankruptcy point of view, the debtor conduct complained of by the Plaintiff, and on which he rests his case, is nothing more than the common, run-of-the-mill things seen in most bankruptcy cases.

WHEREFORE, Debtor asks that Plaintiff's motion for summary judgment be denied and that Plaintiff's case be dismissed, and Defendant be awarded attorney's fees and costs.

Date: March 1, 2017                             Respectfully Submitted,

/s/ Edward Gonzalez
Edward Gonzalez, DC Bar #426584
2405 Eye Street, NW, Suite 1A
Washington, DC  20037
(202) 822-4970

### Certificate of Service

I hereby certify that the foregoing motion was served on this 1st day of March via first class mail, postage prepaid and/or by the court's electronic filing system to:

1. Howard Haley, The Haley Law Firm, 7600 Georgia Ave. NW, Suite 405, Washington, DC 20012
2. Debtor, Carlos Allen, 1715 Kilbourne Place, NW, Washington, DC 20010

/s/ Edward Gonzalez
Edward Gonzalez