Case# 16-10027

FILED

MAY 2 3 2017

Clerk, U.S. District and
Bankruptcy Courts

US Bankruptcy Court

Judge Teel

Greetings Judge Teel


I writing you this letter and providing you with attached documents to let you know that I've asked my attorney to Cease and desist in my case because he has been providing me with inadequate council.

I am now desperately seeking out new council for my case.


Thank you

Carlos Allen

1715 Kilbourne Pl NW

Washington DC 20010

240-678-9846

Mr. Gonzalez -

This notification serves as an official directive for you to cease and desist your service as my counsel in US Bankruptcy case #16-10027 due to your careless and negligent handling. Also, I am demanding a full refund, $8,000.00, of the monies paid to you.

In lieu of my upcoming Bankruptcy trial (July 2017) and based on your consistent behavior as my counsel, I have great uncertainty and distrust in continuing with you as my attorney.

Below are some key tasks that are common practice when working with a client and were requested by me, that you've consistently disregarded and dismissed.

* Meeting Request Failures: I have a myriad of emails and texts to you requesting an appointment / phone call / email / text message to discuss my case and you've been unresponsive. This doesn't include the numerous phone     messages I've left at your office.

* Case Status Update / Strategy Discussion Failures: I have multiple emails and texts to you requesting an appointment / phone call / email /text message to get a status update and discussion on the case strategy and you've been unresponsive. This doesn't include the numerous phone messages I've left at your office.

* Information / Communications / Documentation / Motion Issuance Failures: I have multiple emails and texts to you requesting information on anything you've received from the Plaintiff, and copies of motions you've issued in my case and you've been unresponsive. This doesn't include the numerous phone messages I've left at your office.

* Failure to Address / Argue / Dispute Plaintiff's Unsubstantiated Complaint Claims: I specifically requested that you address the countless unsubstantiated allegations stated in the Plaintiff's complaint and have not received any status   from you. This doesn't include the numerous email and text messages I've left with you.

* Failure To Initiate Motions & To Provide Defendant's Discovery:  In February 2017 at the onset of you being hired, the Plaintiff alleged that Discovery had not been received on my behalf. When questioned by you in May I electronically (email) forwarded the Discovery documentation for your awareness and re-submission to the Plaintiff & the Courts. In my review of the Plaintiff's Pretrial documentation (documentation was obtained by me directly from the Courts), the Plaintiff continues to state no Discovery has not been received on my behalf. Why have you not submitted the documentation as required that was provided to you? Also, as my new  counsel if discovery was not submitted you should have/could have requested a Discovery extension to gain additional time to make sure opposing Council received discovery . However, no action whatsoever was taken by you.

* Failure To Provide Bookkeeping Details On Tasks & Charges Expended: On May 4, 2017 I specifically requested you to provide me with an accounting itemization of the tasks you've completed & the related charges. To date you've provided no reply.

* Disregardful In Simple Administrative & Customer Service Tasks: Simple administrative tasks are obligatory in all businesses however, working with you has rendered infrequent answers to my phone calls, you rushing me of the phone when you do pick up, no status touch points initiated by you via phone, text message, and the inability to get on your calendar or schedule an appointment. Initiation of any contact with me by you has been rare and extremely infrequent to the point it's challenging to comprehend how you can even prepare or assemble representation on my behalf.

The following includes other examples of your representation shortfalls.

1. Did not file motions to dispute allegations; to date nothing has been filed by you.

2. Did not want to request or execute Plaintiff deposition; you told me it's up to the Plaintiff to prove all claims so there's no need for you to initiate any deposition.

3. Did not inform me about the Pretrial hearing; I placed a call to you inquiring about the Pretrial date/time and during the call you informed me the Pretrial hearing is scheduled for the very next morning.

4. You told me you cannot believe what I've done to Plaintiff but would not explain what I've done when questioned. This clearly conveys you don't believe me or support me.

5. You stated that Plaintiff has a mound of evidence against me but when questioned on the evidence, you stated you hadn't reviewed it yet and to date you haven't discussed it with me or disputed it with the Courts.

6. You are constantly asking me to settle instead of doing your job and disputing the unsubstantial claims. I've consistently stated I will not settle and these repeated recommendations by you are a simple and effortless means for resolving the case at my expense.

7. You told me I did not pay you enough money for this case but you reviewed the case and developed the price yourself. Based on the efforts you've completed thus far, many would agree you've been exceedingly overpaid.

8. You told me I was getting on your nerves, that you have other clients, so please say what you have to say so I can get off this phone with you. When you have answered my phone calls, you limit the conversation to 2 or 5 minutes constantly telling me to settle but never addressing my questions and concerns. Then you tell me you can't talk any longer you have other clients. This type of customer treatment is reprehensible; I've never given you a reason to be treated in this manner.

9. You told me that no Judge would like what I've done to the Plaintiff. Again, comments like this from my counsel clearly disclose you don't support me or believe me.

10. You have not read the contract to familiarize yourself with the content and NEW EVIDENCE I'VE FOUND!

   a. You're were unaware that monthly payments are included in the Payment Terms; when informed by me that they ARE in the contract you argued it does not state that.

   b. You've told me repeatedly me the contract has nothing to do with bankruptcy however the Plaintiff's US Bankruptcy Court case and Plaintiff's Civil Court case are based solely on the defaulted contract.

   c. You're unaware that the Contract is NOT tied to any Real Estate or property but merely has an Equity Clause that was never executed by the Plaintiff.

11. You've never disputed the Plaintiff's claim that I own AMG. However, I've informed you the Plaintiff attempted to sue AMG and its' owner (Karen Brooks) in DC Civil Court and lost to both defendants; you still have not disputed the Plaintiff's claim that I own AMG.

12. On the Pretrial date during a phone conversation, when asked when we can meet to discuss the case and strategy you told me "the trial is in July, and we are only in May so you'll contact me in 60 days...... you have other clients..." This is very poor service and deplorable representation as counsel.

FYSA - I am sending an additional copy of this cease and desist notification to you via United States Postal Service and also a copy to Judge Teele at the US Bankruptcy Court. I look forward to a speedy reply from you in this matter.

Thank you.

Best,

Carlos Allen
1715 Kilbourne Pl NW
Washington DC 20010
240-678-9846
Case#16-10027

*NEW EVIDENCE*

# Promissory Note with Equity Interest
## Conversion feature

**FILED**

**MAY 1 4 2009**

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| Date: | July 23, 2008 |
| Borrower: | Carlos Allen |
| Borrower's Address: | 9709 Manteo Court |
| | Fort Washington, MD 20744 |
| Payee: | Douglass Sloan / Karen James |
| Place for Payment: | 7600 Georgia Avenue, NW Suite 208 |
| | Washington, DC 20012 |
| Principal Amount: | $60,000.00 |
| Term: | 60 (days) |
| Rate: | 20% |

**INTEREST RATE:** The interest rate on matured, unpaid amounts shall be the maximum amount permitted by the Laws of the District of Columbia.

**PAYMENT TERMS.** This Note is due and payable as follows: A single payment of $72,000.00, which shall comprise the total indebtedness hereunder, including principal and interest. Such amount shall be payable in full or, if necessary, in multiple payments until paid in full. If the payment(s) is not paid on prior to the end of the Term, the remaining balance will be subject to the maximum amount of interest permitted by the Laws of the District of Columbia.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this Note in whole or in part, prior to maturity, with all interest due as if such indebtedness were carried to maturity.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee at the place for payment and according to the terms for payment the principal amount plus interest at the Rate stated above. All unpaid amounts shall be due by the final scheduled payment date.

**DEFAULT AND ACCELERATION CLAUSE.** If Borrower defaults, or if Payee has reasonable purpose to believe Borrower will default, in the payment of this Note or in the performance of any obligation, subject to any cure periods, then Payee may declare the unpaid principal balance and interest to maturity on this Note immediately due and payable. Borrower waives all demands for payment, presentation for payment, notices of intentions to accelerate

DS000064

maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** Failure by Borrower to remit payment within the 60th day following the date that such payment is due entitles the Payee hereof to an additional 2% interest on the entire indebtedness. Failure by Borrower to remit payment within another 60 days shall entitle Payee to an additional 2% interest for a second cycle. Payee's forbearance in enforcing a right or remedy, as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

**INTEREST.** Subject to "Conversion to Equity Interest" below, Interest on this debt evidenced by this Note shall not exceed the maximum amount of interest that may be contracted for, taken, reserved, charged, or received under law. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt. If interest amounts pursuant to this Note are, for any reason, considered usurious, Payee shall have the sole discretion and right to designate and convert indebtedness under this Note into an equity position in the "Subject Property" as set forth in "Conversion to Equity Interest" below.

**CONVERSION TO EQUITY INTEREST.** If for any reason, interest to be earned pursuant to indebtedness under the Note is considered usurious or, alternatively, at the sole option of Payee, Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the "Property"). Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property. Borrower shall execute, or arrange for the execution of, any document and do anything necessary to ensure Payee's interest in the Property and to ensure Payee is paid the Equity Amount to Payee pursuant to this paragraph.

**FORM OF PAYMENT.** Any check, draft, Money Order, or other instrument given in payment of all or any portion hereof may be accepted by the Payee and handled in collection in the customary manner, but the same shall not constitute payment hereunder or diminish any rights of the holder hereof except to the extent that actual cash proceeds of such instruments are unconditionally received by the Payee and applied to this indebtedness in the manner elsewhere herein provided.

**ATTORNEY'S FEES.** If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay all costs of collection and enforcement, including reasonable attorney's fees and all costs in addition to other amounts due under this Note.

**SEVERABILITY.** If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the

application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

**BINDING EFFECT.** The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

**DESCRIPTIVE HEADINGS.** The descriptive headings used herein are for convenience of reference only and they are not intended to have any effect whatsoever in determining the rights or obligations under this Note.

**CONSTRUCTION.** The pronouns used herein shall include, where appropriate, either gender or both, singular and plural.

**GOVERNING LAW.** This Note shall be governed, construed and interpreted by, through and under the Laws of the District of Columbia, without reference to conflict of law provisions.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this 23rd day of July, 2008.

Carlos Allen

Douglass Sloan

Karen James

Witness

Help your business find success with PayPal. Visit our Business Resource Center. Check it out

**Balance**
**$0.00** USD

Recent Activity | All activity | Find a transaction

james, karen    In    Last Name, First Name ▼    Currency: USD

10/8/2008    to    11/7/2014    **Search**

Search results for 'james, karen' in Last Name,First Name from Oct 8, 2008 - Nov 7, 2014

Print
◀ Previous

| Date | Type | Name/Email | Payment status | Details | Order status/Actions | Gross | Fee | Net amount |
|------|------|-----------|----------------|---------|---------------------|-------|-----|-----------|
| Aug 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jul 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jun 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| May 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Apr 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Mar 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Feb 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jan 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Dec 9, 2011 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Nov 10, 2011 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Oct 10, 2011 | Payment For | Karen James | Completed | Details | | -$497.54 | $0.00 | -$497.54 USD |
| Sep 8, 2011 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Aug 12, 2011 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jul 7, 2011 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |

◀ Previous

bml/webapps/mpp/comd/?v=3.0&t=1415377892&fdata=JA0M...

Print ▶

Search results for 'james, karen' in Last Name,First Name from Oct 8, 2008 - Nov 7, 2014

Displaying 20 results per page

Next ▶

| Date | Type | Name/Email | Payment status | Details | Order status/Actions | Gross | Fee | Net amount |
|------|------|-----------|----------------|---------|---------------------|-------|-----|-----------|
| Mar 10, 2014 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Feb 12, 2014 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jan 11, 2014 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Dec 21, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Nov 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Oct 12, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Sep 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Aug 10, 2013 | Payment For | Karen James | Completed | Details | | -$400.00 | $0.00 | -$400.00 USD |
| Aug 6, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jul 16, 2013 | Payment For | Karen James | Completed | Details | | -$100.00 | $0.00 | -$100.00 USD |
| Jun 12, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| May 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Apr 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Mar 11, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Feb 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Jan 10, 2013 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Dec 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Nov 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Oct 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |
| Sep 10, 2012 | Payment For | Karen James | Completed | Details | | -$500.00 | $0.00 | -$500.00 USD |

Displaying 20 results per page

Next ▶

5/8/17

**Request For Meeting and Itemization of Costs**

Greetings Mr. Gonzalez -

I am deeply offended by your email to me stating my "failure to show up for pre-trial shows a lack of responsibility and care for my case.........I cannot do my best for you if you do not cooperate".

With all due respect, you are well aware that my attendance at the pre-trial hearing was not a requisite as long as you appeared. Was your comment meant to intimidate me or defer your responsibility or lack thereof as an obligation that I've been lacking in? I arrived at 10:45 am and the Clerk advised the hearing had ended and was extremely abbreviated; she stated that defendants rarely attend as I'm sure most attorney's and the American Bar Association recognize as a common norm. I actually saw Mr. Haley at the courthouse but you were not present. Also, you did not once correspond with me in reference to being at a hearing, until I called you and you advised me that I had to be in court the next day in the morning at 10:30. I then, told you that I would be at work and I would try to get off in time.

By 5-17-17 or sooner, I'm requesting a meeting with you to provide me with a written itemization detailing the tasks, documentation, phone calls, texts, etceteras and related costs you've completed to date on this case and also to discuss the mountain of evidence against me. I believe 10 days should be enough time for you to get everything ready for our meeting.

Since hiring you in February 2017 at the sum of $8,000.00 I'm becoming increasingly concerned that you are not doing your best to protect or defend me. During our interview conversation, you boasted on your specialty as a Bankruptcy litigator and stated you would research more about the statute of limitations and file the necessary motions for dismissals. You were provided with both the Civil and Bankruptcy case dockets for full transparency of the situation, however meeting requests (emails and texts) and phone calls have been consistently ignored. The few conversations we have had include comments by you that align with the Plaintiff rather than discussions/tactics in my defense. All you ever ask me to do is SETTLE and yo uh tell me "I HAVE NOT PAID YOU ENOUGH FOR THIS CAS". In fact, it is preposterous that you would not meet with me prior to the pre-trial hearing, and for you to to tell me today that you'll have a discussion with me in 60 or 30 days about my case when the trial is scheduled for July 13th is not acceptable. Comments and actions such as these can be perceived as negligent with blatant disregard. Particularly after review of the case, Simu v. Carvalho - Case No. 15-00646, that you are trying to use to parallel my case. In my opinion you will require a minimum of 30 days to prepare arguments to defend and oppose the claims submitted by Sloan and detailed in the case. We will need lots of time for researching and preparation to prove that there is no fraud, fraudulent conveyance schemes or failure to hide anything in my case.

Over the past two months you've ignored my questions, requests for information, requests that you issue Motions to Dismiss and general touch point requests to converse about my case. This is a problem

and it gives the impression you have no intention of properly defending me although you've accepted the fee of $8,00.00 from me. We've not had a conversation about the case other than your brief yelling over the phone stating  "you can't believe what I've done to Sloan and no judge, no person who reads all of the evidence from Haley would like what you've done to Sloan". Who are you representing, Sloan or me? When I've asked you what evidence Sloan has  you stated "Haley's got a mountain of evidence and I haven't gone through it yet.  "You didn't pay me enough money". You've not discussed my side of the story, any of the allegations made by Sloan/Haley, you've not discussed the Simu v. Carvalho case with me and how it will impact my bankruptcy, no case strategy has been disclosed, case pros or cons haven't been explained, and you've not submitted any case paperwork other than entering your appearance, being at a deposition that you show up 2 HOURS late and PreTrial hearing thtat you were there for 10 minutes..

I paid you a lot of money to gain a competent defense in the Bankruptcy Court. Please get back to me at soonest with the requested itemization and a meeting date.


Thank you.

Best,

Carlos Allen