The document below is hereby signed.

Signed: June 27, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                           )
                                )
CARLOS ROBERTO ALLEN,           )   Case No. 16-00023
                                )   (Chapter 7)
           Debtor.              )
_____ )
                                )
DOUGLASS SLOAN,                 )
                                )
           Plaintiff,           )
                                )
     v.                         )   Adversary Proceeding No.
                                )   16-10027
CARLOS ROBERTO ALLEN,           )
                                )   Not for publication in
           Defendant.           )   West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

The plaintiff in this adversary proceeding, Douglass Sloan, has filed an amended proof of claim in the underlying chapter 7 bankruptcy case of the defendant debtor, Carlos Roberto Allen. Sloan's claim against Allen is based on a promissory note for funds Sloan lent to Allen for the purpose of readying a property located at 3102 18th Street, NW, Washington, D.C., for resale.

Under the terms of the note, Sloan agreed to loan Allen $60,000. Allen agreed to repay $72,000 within 60 days, with interest accruing thereafter at the highest rate permitted under District of Columbia law if Allen failed to make the payment by the 60-day deadline.  The promissory note also included a provision that:

> If . . . Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the "Property")[] Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property.

*See* Case No. 16-00023, Claim 5-2, Ex. 1, at 2.

In his amended complaint in this adversary proceeding, Sloan seeks a denial of discharge under various subparagraphs of 11 U.S.C. § 727(a); a declaration that Allen's debt to Sloan is nondischargeable under 11 U.S.C. § 523(a) as one for obtaining the loan by fraud; and a declaration that Allen's debt to Sloan is nondischargeable under 11 U.S.C. § 548 on the basis that Allen transferred proceeds of the sale of the Property to a corporate entity, "willfully and maliciously" rendering himself insolvent "with the intended purpose to divest the Plaintiff of the value of his interests in the property and/or his interests in the balance of the note."  *See* Dkt. No. 3, at ¶ 72.  The defendant debtor, Allen, has filed a motion for summary judgment ("*Motion*") (Dkt. Nos. 21-22) seeking dismissal of the amended complaint on

2

the basis that the plaintiff has failed to state a claim upon which relief can be granted.  For the following reasons, the defendant's *Motion* will be denied.

I. Allen's Statute of Limitations Defense is Unavailing at this Stage of the Litigation.

In his *Motion*, Allen contends that the applicable statute of limitations bars Sloan's monetary claim against Allen, and thus Sloan is not a creditor eligible to pursue relief under §§ 523(a) and 727(a).  However, the court already denied Allen's *Praecipe Motion to Dismiss With Prejudice for Fraud on the Court*, which raised the same defense.  The court reasoned that:

> because the face of the complaint alone does not demonstrate that the applicable statute of limitations bars the claims in this case, the request to dismiss based on the statute of limitations must be denied.  The issue turns on when a breach occurred, and that is a factual issue whose answer is not evident from the face of the complaint.

*See* Dkt. No. 14, at 3.  Allen's argument, as renewed in his *Motion* now before the court, is rejected for the same reason.

This is especially true in light of the fact that Sloan argues that Allen made partial payments on the debt, continuing all the way through 2014.  "[P]art[ial] payment on a debt or obligation interrupts or tolls the statute of limitations." *Dulberger v. Lippe*, 202 A.2d 777, 778 (D.C. 1964), *quoted in Feldman v. Gogos*, 623 A.2d 103, 105 (D.C. 1993).  "[A]n acknowledgment of the debt,

3

which can occur by partial payment, is regarded as 'an implied promise to pay, and is sufficient to remove the bar of the statute of limitations.'" *Cunningham & Associates v. Dugan*, 909 A.2d 1001, 1004 n.2 (D.C. 1996) (quoting *Hayden v. Int'l Banking Corp.*, 41 F.2d 107, 111 (D.C. 1930). "Under those circumstances, the old debt 'may be said to be revived.'" *Id.* (quoting *Hayden*, 41 F.2d at 109). "The period of limitations runs from the date of the acknowledgment." *Id.* (citing *Stern Equipment Co. v. Pogue*, 117 A.2d 447, 448 (D.C. 1955); *Jenkins v. Karlton*, 620 A.2d 894, 905 (Md. 1993)). If Sloan intends to rely on partial payments to support his argument that his claim is timely, he will have the burden of establishing that the payments were made and when those payments were made. *See Stern Equipment Co. v. Pogue*, 117 A.2d at 448 (citations omitted). At the present time, there is insufficient basis for the court to dismiss this adversary proceeding through summary judgment on the grounds of untimeliness of Sloan's claim against Allen.

II. Allen's Arguments Challenging the Existence of the Debt Do Not Constitute a Basis for Granting his Motion for Summary Judgment.

Beyond the statute of limitations defense, Allen argues that, for other reasons, Sloan fails to state a valid claim against him for money damages under District of Columbia law. However, Sloan's amended complaint, on its face, does not support

that argument.  In his amended complaint in this adversary proceeding, Sloan alleges (as he alleges in the amended proof of claim he filed in the underlying bankruptcy case) the existence of a single debt owed to Sloan by Allen, based on a promissory note signed by Allen as obligor, for which the amounts owed remain unpaid.

Sloan also alleges in his amended complaint in this adversary proceeding that he is pursuing additional claims against Allen and others in the Superior Court of the District of Columbia, and he appends to the amended complaint a *Fourth Amended Complaint* that he proposed to file in his Superior Court case against Allen.  In the amended complaint in this adversary proceeding, Sloan maintains that the allegations contained in that Superior Court *Fourth Amended Complaint* show acts that "combined to divest the Plaintiff of his money initially and his vested interest in the property being readied for sale."  *See* Dkt. No. 3, at ¶ 10 (citing Dkt. No. 3-2).

In his motion for summary judgment, Allen points to deficiencies in Sloan's Superior Court *Fourth Amended Complaint*, contending that the facts pled therein do not support the additional theories of liability asserted therein (fraud in the inducement, civil conspiracy, fraudulent transfer, and fraudulent misrepresentation).  However, any pleading deficiencies in the

5

Superior Court *Fourth Amended Complaint* have no bearing on the resolution of the motion for summary judgment currently pending before this court.  The acts described in Sloan's Superior Court *Fourth Amended Complaint* need not be pled to establish the existence of Allen's debt to Sloan under the promissory note.  Sloan's creditor standing in this case does not depend upon those additional theories of liability presented in the Superior Court litigation being upheld.  Rather, it is Allen's status as the obligor of the debt to Sloan under the promissory note that confers creditor standing on Sloan sufficient to permit him to seek a denial of discharge in Allen's Chapter 7 bankruptcy case as well as a determination of whether the specific debt Allen owes to Sloan is nondischargeable.  Thus, the arguments raised by Allen in his *Motion* that are related to the sufficiency of Sloan's allegations in his Superior Court *Fourth Amended Complaint* are not dispositive in this adversary proceeding.

III.  Allen's *Motion* Fails to Address the Adequacy of the Claims in the Amended Complaint Under 11 U.S.C. §§ 727(a) and 523(a).

In primarily focusing on Sloan's proposed Superior Court *Fourth Amended Complaint*, Allen's *Motion* fails to address whether Counts One through Six of Sloan's amended complaint in this adversary proceeding state a claim for which relief can be

granted under 11 U.S.C. § 727(a) or § 523(a).  As such, his motion for summary judgment as to those claims will be denied.

In his *Motion*, Allen does not specifically address Count VII of Sloan's amended complaint in this adversary proceeding.[1] Count VII of Sloan's amended complaint requests the court to declare Allen's debt to Sloan nondischargeable in accordance with 11 U.S.C. § 523(a).  Sloan has alleged that "[t]he Defendant induced the Plaintiff to loan him funds under the guise of repairing his mother's home for sale and promised to pay the debt from the proceeds when he had no intention of actually repaying the debt."  Dkt. No. 3, at ¶ 11.  That allegation is enough to maintain a claim under 11 U.S.C. § 523(a)(2)(A).  The complaint further alleges a failure to repay the loan, thereby establishing resulting harm to Sloan.

Additionally, Sloan has alleged that the "Defendant orchestrated the fraudulent transfer of funds from the proceeds of a property sale to divest the Plaintiff of his interests

---

[1] In focusing on Sloan's Superior Court *Fourth Amended Complaint*, Allen contests whether Sloan has adequately pled fraud in the inducement, fraudulent representation, and fraudulent conveyance, rather than addressing the sufficiency of Sloan's claims in this adversary proceeding.

related to the aforementioned loan." Dkt. No. 3, at ¶ 12.[2] This adequately states a claim of fraudulent conveyance. Notably, even if Sloan had failed to allege false representations by Allen resulting in harm to Sloan, the fraudulent conveyance scheme alleged by Sloan would be enough to state a claim under 11 U.S.C. § 523(a)(2)(A). *See Husky Int'l Elec., Inc. v. Ritz*, __ U.S. __, 136 S.Ct. 1581, 1586 (2016) ("The term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation.").

Furthermore, courts are generally in agreement that, under certain circumstances, "a fraudulent transfer based on an actual intent to hinder, delay or defraud a creditor can support a [Bankruptcy Code] § 523(a)(6) claim." *In re Jahrling*, 510 B.R. 820, 829 (Bankr. N.D. Ill. 2014); *see Husky Int'l Elec., Inc. v. Ritz*, 136 S.Ct. at 1588; *Sauer, Inc. v. Lawson (In re Lawson)*,

---

[2] Allen has not contested Sloan's contention that Sloan had a right to look to the sales proceeds as though Allen's mother, the true owner of the Property, was indebted to Sloan. Paragraph 67 of the amended complaint alleges that "Defendant, acting as attorney in fact for his mother, directed that proceeds of the sale transaction be directed to AMG . . . when he knew that he had encumbered the proceeds of the sale by the loan he induced the Plaintiff to make." Without the parties having briefed whether the mother was indebted to Sloan (based on some theory like the mother being unjustly enriched), I will proceed as though the contention is correct without deciding the validity of the contention.

791 F.3d 214, 222 (1st Cir. 2015); *McClellan v. Cantrell*, 217 F.3d 890, 896 (7th Cir. 2000). For these reasons, the defendant's motion for summary judgment in regards to Count VII of the plaintiff's amended complaint will be denied.

IV.   Sloan's Claim for Relief Under 11 U.S.C. § 548 Survives Summary Judgment as a Claim Under 11 U.S.C. § 523(a)(6).

In Count Eight of the amended complaint, Sloan alleges that Allen "willfully and maliciously" rendered himself insolvent by transferring proceeds of the sale of the Property to another entity, and that this constituted an intentional action by Allen "to divest the Plaintiff of the value of his interests in the property and/or his interests in the balance of the note." Dkt. No. 3, at ¶ 72. On that basis, Count Eight seeks a determination that Allen's debt to Sloan is nondischargeable under 11 U.S.C. § 548. However, § 548 is not a provision dealing with nondischargeability of debts. Moreover, Sloan has no standing to pursue relief under 11 U.S.C. § 548, as that statute vests only the bankruptcy trustee with the power to pursue relief under that provision.

However, even though Count Eight seeks relief under a statutory provision that is inapplicable to the question of dischargeability, the court must determine whether the allegations contained in Count Eight, if true, establish a basis

9

for nondischargeability under some other statute. Sloan has standing to pursue a determination of nondischargeability if the allegations of Count Eight set forth a basis for declaring the debt to be nondischargeable under a provision of 11 U.S.C. § 523(a).

The principal debt here arose from and was established by the promissory note, not from the alleged fraudulent transfer of the proceeds of the sale of the Property. Generally, a debtor's frustration of a creditor's ability to collect a preexisting debt is not a basis for declaring the debt nondischargeable. *See Cordeiro v. Kirwan (In re Kirwan)*, 558 B.R. 9, 13 (Bankr. D. Mass. 2016) (quoting *Steier v. Best (In re Best)*, 109 Fed.Appx. 1, 2–3 and 6 (6th Cir. 2004)) ("Even if the Bests disposed of or concealed assets in a way they knew would prevent Steier from collecting the judgment debt, it is of no avail to Steier because the concealment occurred after that debt arose. Thus the concealment could not have caused or given rise to the judgment debt, as required for nondischargeability under § 523(a)(6)."); *Rockstone Capital, LLC v. Walker—Thomas Furniture Co. (In re Smith)*, No. 04–01581, 2007 WL 2071626, at *2 (Bankr. D.D.C. July 17, 2007) ("Here, the judgment debt is the debt the debtor Smith owes Rockstone, not a debt for having made the fraudulent transfer. Rockstone points to no statutory or other basis for an

10

independent debt to be found owing by the debtor based on her having made the transfer."). A "[d]ebtor's transfer of his own property does not result in a Section 523(a)(6) nondischargeability claim[.]" *Master-Halco, Inc. v. Picard (In re Picard)*, 339 B.R. 542, 554 (Bankr. D.Conn. 2006). *See also Groman v. Watman (In re Watman)*, No. MW 99-107, 2000 WL 35916015, at *3 (1st Cir. BAP June 30, 2000).[3]

Nevertheless, Count Eight may present a viable claim under § 523(a)(6). The amended complaint treats Sloan as having an interest in the proceeds of the sale of the Property. The promissory note, which is attached to the amended complaint, evidently permitted Sloan to convert the promissory note debt "into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the 'Property')[,]" at his sole option after notifying Allen of his intent to do so. *See*

---

[3] Ironically, as the discussion of *Husky Int'l Elec., Inc. v. Ritz*, 136 S. Ct. 1581, shows, if the proceeds of the sale of the Property belonged to the debtor's mother and Sloan could show that the mother was indebted to him by way of the promissory note, Allen's alleged transfer of the sales proceeds as property of the mother would be a fraudulent conveyance. Sloan might then be able to show that Allen is liable to him for the damage arising from the fraudulent conveyance, and a § 523(a)(2) claim of nondischargeability might lie. However, if the proceeds of the sale of the Property belonged to Allen, Sloan has not shown that an independent debt could be imposed against Allen for making the fraudulent conveyance and a § 523(a)(2) claim of nondischargeability would not lie.

11

Dkt. No. 3-1, at 2.  Under the terms of the promissory note, if Sloan opted to convert the debt to an equity interest, Allen would have been required to pay to Sloan "an amount equal to 14.5% of the net proceeds of the sale of the Property (the 'Equity Amount') within 10 days of sale of the Property."  *Id.*

If Sloan did in fact exercise the option of converting the debt to an equity interest then Allen's transfer of the proceeds of the sale of the Property would damage Sloan's interest and thereby constitute an independent tort. 11 U.S.C. § 523(a)(6) excepts from discharge debts incurred for "willful and malicious injury by the debtor to another entity."

The plaintiff's equity interest is similar to a security interest in collateral, and injury to the equity interest should receive the same level of protection as in the case of injury to a security interest.  In many cases, courts have held that a debtor's conversion of a secured creditor's collateral may constitute a willful and malicious injury for purposes of § 523(a)(6) exception from discharge. *See Bank of Commerce & Trust Co. v. Schupbach* (*In re Schupbach*), 500 B.R. 22, 32 (Bankr. D.Kan. 2013) ("A debt for injury caused by conversion may be nondischargeable under § 523(a)(6), if it is willful and malicious. . . . Conversion is defined as 'the unauthorized assumption or exercise of the right of ownership over goods or

12

personal chattels belonging to another to the exclusion of the other's rights.'  A security interest may be converted."); *See also United States v. Shelmidine* (*In re Shelmidine*), 519 B.R. 385, 391-92 (Bankr. N.D.N.Y. 2014) (citing *In re Foust*, 52 F.3d 766 (8th Cir. 1995); *Martin v. Key Bank, N.A. (In re Martin)*, 208 B.R. 799, 803 (N.D.N.Y. 1997); *United Orient Bank v. Green*, 215 B.R. 916, 928 (S.D.N.Y. 1997); *Americredit Fin. Servs. v. Smithey (In re Smithey)*, 2005 WL 6490601, at *2 (Bankr. N.D.Ga. Feb. 16, 2005); *Moog Emps. Fed. Credit Union v. Kibler (In re Kibler)*, 172 B.R. 740, 743 (Bankr. W.D.N.Y. 1994)).

If pursuing such a theory of nondischargeability in this case, Sloan will ultimately need to prove three elements by a preponderance of the evidence: "(1) that the Debtor intentionally caused an injury to the Plaintiff's property interest; (2) that the Debtor's actions were willful; and (3) that the Debtor's actions were malicious."  *Vozella v. Basel Van Aswegen* (*In re Basel Van Aswegen*), 366 B.R. 850, 869 (Bankr. N.D.Ill. 2007).  *See also Martello v.* Fowers (In *re Fowers*), 360 B.R. 888, 900 (Bankr. N.D.Ind. 2007) (same).  "Malice as required under § 523(a)(6) may be inferred if the debtor acts in a manner which one knows will place a lender at risk such as converting property in which the lender holds a security interest[.]"  *Franklin Bank, S.S.B. v. Barnes* (*In re Barnes*), 369 B.R. 298, 306 (Bankr.

13

W.D.Tex. 2007) (citations and internal quotation marks omitted). The court may except from discharge Sloan's 14.5% interest in the proceeds of the sale of the Property if Sloan demonstrates that Allen knew of Sloan's interest in the Property and Allen either intended to cause Sloan financial harm in converting the proceeds of the sale of the Property or that the conversion was substantially certain to result in financial harm to Sloan. *See Brooke Credit Corp. v. Lobell* (*In re Lobell*), 390 B.R. 206, 217 (Bankr. M.D.La. 2008).

Thus, while Count Eight of Sloan's amended complaint in this adversary proceeding does not properly state a claim under 11 U.S.C. § 548 upon which Sloan may be granted the relief he seeks, the allegations contained therein, if true, may establish a basis for excepting Allen's debt to Sloan (in the amount of Sloan's 14.5% interest in the proceeds of the sale of the Property) from discharge under 11 U.S.C. § 523(a)(6).  Allen's *Motion* fails to address whether the allegations of Count Eight support a claim of nondischargeability under § 523(a).  Allen has not attacked Sloan's assertion that Sloan had an interest in the proceeds of the Property, and it would be inappropriate to decide whether an interest in the proceeds was created when neither party has been alerted that he needed to brief that issue.

V.  Order

It is thus

ORDERED that the defendant's motion for summary judgment (Dkt. Nos. 21-22) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.