The document below is hereby signed.

Signed: June 27, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                            )
                                 )
CARLOS ROBERTO ALLEN,            )    Case No. 16-00023
                                 )    (Chapter 7)
              Debtor.            )
_____  )
                                 )
DOUGLASS SLOAN,                  )
                                 )
              Plaintiff,         )
                                 )
         v.                      )    Adversary Proceeding No.
                                 )    16-10027
CARLOS ROBERTO ALLEN,            )
                                 )    Not for publication in
              Defendant.         )    West's Bankruptcy Reporter.
```

MEMORANDUM DECISION AND ORDER DENYING
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>

The plaintiff in this adversary proceeding, Douglass Sloan, has filed an amended proof of claim in the underlying chapter 7 bankruptcy case of the defendant debtor, Carlos Roberto Allen. Sloan's claim against Allen is based on a promissory note for funds Sloan lent to Allen for the purpose of readying a property located at 3102 18th Street, NW, Washington, D.C., for resale.

Under the terms of the note, Sloan agreed to loan Allen $60,000. Allen agreed to repay $72,000 within 60 days, with interest accruing thereafter at the highest rate permitted under District of Columbia law if Allen failed to make the payment by the 60-day deadline. The promissory note also included a provision that:

> If . . . Payee shall notify Borrower that it wishes to convert Borrower's Indebtedness hereunder into an equity position in the Borrower's property at 3102 18th Street, NW Washington, D.C. 20010 (the "Property")[] Borrower shall pay to Payee an amount equal to 14.5% of the net proceeds of the sale of the Property (the "Equity Amount") within 10 days of sale of the Property.

*See* Case No. 16-00023, Claim 5-2, Ex. 1, at 2.

In his amended complaint in this adversary proceeding, Sloan seeks a denial of discharge under various subparagraphs of 11 U.S.C. § 727(a); a declaration that Allen's debt to Sloan is nondischargeable under 11 U.S.C. § 523(a) as one for obtaining the loan by fraud; and a declaration that Allen's debt to Sloan is nondischargeable under 11 U.S.C. § 548 on the basis that Allen transferred proceeds of the sale of the Property to a corporate entity, "willfully and maliciously" rendering himself insolvent "with the intended purpose to divest the Plaintiff of the value of his interests in the property and/or his interests in the balance of the note." *See* Dkt. No. 3, at ¶ 72. The plaintiff, Sloan, has filed a motion for summary judgment (Dkt. No. 41) on

all claims in the amended complaint.  For the following reasons, the plaintiff's motion for summary judgment will be denied.

Summary judgment is appropriate only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  A question of intent can rarely be disposed through summary judgment.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 816 (1982).  Summary judgment is primarily suited for objective issues that are potentially dispositive as opposed to questions of a party's intent, "which frequently turn on credibility assessments."  *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).  "Summary judgment in favor of the party with the burden of persuasion . . . is inappropriate when the evidence is susceptible to different interpretations by the trier of fact."  *See Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

The plaintiff's motion for summary judgment invokes grounds for denying a discharge of all debts or for denying a discharge of Allen's debt to Sloan specifically, most of which require a showing of intent.  Counts I and II allege claims under 11 U.S.C. § 727(a)(2), which require a showing that the debtor took certain

3

actions impacting, respectively, the property of the debtor and the property of the estate, in both cases acting with "intent to hinder, delay, or defraud a creditor[.]"

Counts IV and V present claims under 11 U.S.C. § 727(a)(4), which similarly rely on demonstrating the debtor's intent in requiring a showing that the debtor "knowingly and fraudulently" made a false oath or account and withheld recorded information related to the debtor's property or financial affairs.  Count VII raises a 11 U.S.C. § 523(a) claim that requires a showing of fraudulent intent on the part of the defendant in demonstrating that the defendant obtained the $60,000 by way of a false representation or actual fraud.  These claims as well as Sloan's claim against Allen for common law fraud involve questions of intent.  Finally, Count VIII, which is properly characterized as a claim under § 523(a)(6) rather than a claim under § 548 (as the court has already explained in a separate memorandum decision related to the defendant's motion for summary judgment) requires Sloan to prove that Allen caused "willful and malicious injury . . . to another entity or to the property of another entity[.]" *See* 11 U.S.C. § 523(a)(6).  Because the question of the debtor's intent for each of these claims requires a factual determination, Sloan's claims under Counts I, II, IV, V, VII, and VIII of

4

Sloan's amended complaint in this adversary proceeding will not be resolved through summary judgment at this time.

Count III of Sloan's amended complaint in this adversary proceeding presents a claim under 11 U.S.C. § 727(a)(3), which permits a court to deny Allen a discharge if he has "concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." The motion for summary judgment does not address whether any failure to maintain records was justified under the circumstances of the case. For example, Sloan has not addressed whether he ever inquired why Allen failed to maintain records and has not indicated that, in response to such a question, Allen gave an insufficient justification.

The court must determine that the action was not "justified under all of the circumstances of the case[,]" which the court can only ascertain by evaluating the debtor's level of sophistication and particular circumstances. Moreover, as already addressed, summary judgment is generally inappropriate with respect to a claim that turns on an issue of intent; it is similarly generally inappropriate to grant summary judgment with

respect to a claim for denial of discharge based on a failure to maintain records given that resolution of that claim requires resolving the factual issue of whether the failure to maintain records was justified under all of the circumstances of the case. Thus, Count III also cannot be resolved through summary judgment at this time.

Finally, Count VI of Sloan's amended complaint raises a claim under 11 U.S.C. § 727(a)(5) that Allen should not receive a discharge due to his failure "to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities[.]"  The plaintiff's motion for summary judgment and statement of material facts contained therein are written in such conclusory terms that they do not assist the court in determining whether § 727(a)(5) applies in this case.  Thus, Count VI cannot be resolved through summary judgment at this time.

Accordingly, it is

ORDERED that the plaintiff's motion for summary judgment (Dkt. No. 41) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee.

6