UNITED STATES BANKRUPCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| DOUGLASS SLOAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10027 |
| CARLOS ALLEN | ) | |
| 1715 Kilbourne Place, NW | ) | |
| Washington, DC 20010 | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S OPPOSITION TO DEBTOR'S MOTION FOR RECONSIDERATION**

COMES NOW the Plaintiff-Creditor, Douglass Sloan, by and through Counsel – Howard Haley, The Haley Firm, PC, and opposes the motion for reconsideration of the Judgement Order issued by this honorable court on September 21, 2017.  In support of his opposition, the Plaintiff states:

1. Debtor was represented by multiple counsel during the proceedings.
2. Attorney Richard Gins was counsel at the initiation of the case and was granted a withdrawal with consent of the debtor on July 26, 2016.
3. Attorney Edward Gonzales entered the case on February 11, 2017 and was discharged from the case on June 27, 2017.
4. Attorney Alisha Gordon entered the case on July 8, 2017 and concluded the matter.
5. During the adversarial proceeding the debtor filed documents and motions on his own behalf on numerous occasions.

1

6. On December 19, 2016 Debtor filed a Reply in Support of his Motion for Summary Judgment (Docket #27).

7. Debtor for the first time introduced the purported promissory note held by his wife, Karen Brooks, hereinafter the "Brooks Note" (Docket #27, Exhibit H).

8. The Legal Information Institute (LII – Cornell School of Law) defines newly discovered evidence a.k.a. after discovered evidence as: "...evidence that existed at the time of a motion or trial but that could not have been discovered with reasonable diligence prior to a court ruling upon the motion or the trial's completion. Upon later discovery, a losing party may assert after-discovered evidence, a.k.a. newly discovered evidence, as grounds for a court to reconsider a motion or order a new trial."

    *Holland v. Jackson*, 542 U.S. 649 (2004)

9. The entry was done by the debtor himself – not by any of the counsel he had employed during the adversarial proceeding.

10. The Plaintiff-Creditor sought discovery during the pendency of this matter and filed extension of the discovery period to allow debtor to provide responses. (Docket #20)

11. Debtor failed to provide those responses and the court deemed that the admissions (Docket #20, Ex A) were admitted as a result during a hearing on January 13, 2017.

12. In the present case, the debtor withheld the material from the Plaintiff and the Court that he now wishes to claim is newly discovered evidence. Clearly, this does not meet the conditions for the court to consider it as "newly discovered evidence" since it has been in the possession of the debtor all along.

13. Further, the purported documents show that Karen Brooks moved money to Carlos Allen but do not indicate the purpose of the transfers. Debtor testified that he and his wife (Karen Brooks) conducted business as mortgage brokers. Large sums of money

2

flowed into and out of his company; however, no records that supported his claims was presented during the proceeding.

14. Plaintiff's Counsel questioned debtor Allen about his businesses during his 341 hearing, his depositions, and at trial and no records supporting his claims were ever produced although they were requested on multiple occasions.

15. Plaintiff attempted to serve Karen Brooks for testimony; however, service was unable to be completed on her. Debtor Allen could have introduced her at trial; yet, he failed to produce her at trial. The Pretrial statement filed by the debtor included her as a witness. (Docket #38) His failure to call her as a witness negates any claim that the conclusions of the Court based on the testimony and record are incorrect.

**ARGUMENTS**

A. Newly Discovered Evidence

The debtor in this matter is asking the court to consider that the material attached to his motion constitutes newly discovered evidence. The newly discovered evidence must be evidence that was not able to evidence that existed at the time of a motion or trial but that could not have been discovered with reasonable diligence prior to a court ruling upon the motion or the trial's completion. Upon later discovery, a losing party may assert after-discovered evidence, a.k.a. newly discovered evidence, as grounds for a court to reconsider a motion or order a new trial." Holland v. Jackson, 542 U.S. 649 (2004)

In the present case, the debtor could have discovered and presented the information at trial had he participated in discovery as required by the rules. He did not. He claimed that he had given the documents to his attorney Edward Gonzales to provide; however, the record reflects that debtor received a copy of the schedule order regarding discovery on August 16, 2016. Long before the entry of

3

Attorney Gonzales in February 2017.  Discovery was scheduled to close on November 16, 2016.  Due to a Plaintiff motion to continue discovery for the debtor to respond to discovery it was extended by order to December 20, 2016.  At no time did debtor provide any discovery responses to Plaintiff before the December 20 deadline.  Subsequently due to a family emergency of Attorney Gonzales discovery was extended yet again to March 20, 2017.  Still no discovery responses were provided to Plaintiff.

Debtor Allen attempted to say he had provided the documents to Attorney Gonzales; however, debtor never provided the documents to Plaintiff after the discharge of Attorney Gonzales.  It is also unknown if he provided these documents to Attorney Gordon.  They were never provided to the Court or Plaintiff's Counsel.

B. Brooks Note Section 8

This section of the purported "Brooks Note" was never presented to the Court and is believed to be another fabrication.  The note presented by debtor initially only contained 2 pages and there was no section number 8.  It is unknown if this was simply an error by the debtor or not; however, it was not produced at trial and cannot be allowed to be considered now.  There was no testimony taken about this section or pages.  They were not provided in discovery and were no listed on the pretrial statement filed by either debtor or his amended pretrial statement filed by Attorney Gonzales.  It is unlikely that it existed at the time the pretrial statements were drafted.

C. Purported Funding of Loan

The debtor has presented exhibits that demonstrate Karen Brooks took out loans to obtain the cash to provide to him for his AMG venture.  However, the documents do not indicate the information claimed by the debtor.  Exhibit 1 is the sham note.  Exhibit 2 is

4

the MBNA line of credit for $26,500 (not from an employment retirement account as claimed by debtor in his section 8 of the "Brooks Note"). Exhibit 3 is not listed.  Exhibit 4 appears to be a transfer of $80,000 to debtor on 9/28/2005.  This record does not indicate that it was a withdrawal from an employer sponsored 401k plan either.  The record indicates it is a wire transfer through Suntrust bank wire service to a Bank of America account.  It should be noted that the sham note was purportedly executed on 9/23/2005 yet the note was listed in past tense in the alleged section 8.   Further, the transaction was sent to AFF Mortgage not AFS Mortgage and it does not indicate it was through a loan to debtor.  AFS Mortgage was a company in which both Brooks and debtor were officers.  Brooks was the President and debtor was Vice President and Director.  Thus, the monies were sent by Brooks to Brooks company's bank account.  Debtor suggests that this was a transfer to him; yet, just as with AMG – Karen Brooks is listed as the President and he is in a supportive role.  This is the same type of structure that the debtor used as a defense to demonstrate that he was not the owner of AMG.  The difference is *now* debtor expects the court to believe he *is* the owner of AFS Mortgage.

    Debtor then goes on to demonstrate other expenditures for goods and services that are typically used by married couples.  The receipts indicate meals at restaurants, clothing, household goods, decorating materials, etc.  The records also indicate that Karen Brooks and debtor contracted with multiple sources for work to be performed. There is no indication that the work was for the purposes claimed by the debtor at trial.  The debtor has not produced any records that the monies were given pursuant to any loan to him secured by his sham promissory note.

D. <u>Transfer to AMG to Satisfy the Brooks Note</u>

The court in its well-reasoned Memorandum Decision addressed the multiple conflicting statements from debtor regarding the debt and the outstanding balance owed pursuant to the pages of the note provided to the court by debtor. The debtor testified that there was no accounting regarding the debt or the balance due upon the sale of the subject property. His testimony was not supported by the evidence regarding the bankruptcies filed by himself, Anna Allen, or Karen Brooks in which none of them listed the Brooks Note as either an outstanding debt owed to them or by them. Further, the outstanding balance on the debt would have exceeded $150,000 and it was also not included on the debtor's schedules.

E. Statute of Limitations

Numerous filings were submitted with the argument regarding the statute of limitations in this matter. In each case the court informed debtor that the statute of limitations had not tolled and that Plaintiff was within the statute of limitations when he filed suit in the matter. Debtor's refusal to accept the truth of that matter is not a basis for additional review or hearings. The Court's well-reasoned Memorandum Decision made clear that the Plaintiff timely filed his complaint. Further, the debtor made payments on the debt through March of 2014 which renewed the commitment to the debt with each payment. The statute of limitations would not have run until either August 2016 or March 2017 – which date is not relevant here since the Plaintiff timely filed an action in the DC Superior Court in August 2013.

F. Attorney Edward Gonzales

Attorney Gonzales entered the case in February 2017. The discovery period had been in process for quite some time before his appearance. In fact, discovery had been extended twice to afford the debtor an opportunity to provide documents to the Plaintiff. He

6

failed to do so. The hearing regarding the responses to discovery was held in January prior to Attorney Gonzales being retained in February and the court had already ruled that the admissions were deemed admitted as a result of the failure to respond.

Discovery was extended by a few weeks for deposition purposes at the request of Attorney Gonzales due to a family emergency. At no point did debtor provide documents to Plaintiff before hiring Attorney Gonzales and there is no evidence that he provided any documents to Attorney Gonzales that were not produced to the Plaintiff.

Even if he had provided documents to Attorney Gonzales, he failed to produce them to Plaintiff once he discharged him; nor, did he produce them at trial in his case in chief or as rebuttal evidence. He alleged that Attorney Gonzales failed to perform as directed on his behalf; yet, produced no evidence of any such failures.

## **CONCLUSION**

Debtor has not provided any evidence that qualifies as newly discovered. Each of the exhibits he provided were available to him before and during the trial. He has produced no evidence that he was unable to locate or that the information was found *after* the conclusion of the trial and the issuance of the Court's order. Quite the contrary, he admits he was the owner of the account that received the money from Brooks. Some of the receipts have his signature on them for goods and services purchased. Some of the checks were cashed by him. He failed to produce his wife, Karen Brooks, during the trial to provide any testimony that could have supported his contentions. He included her as a witness that he would examine for 1 hr. on his pretrial statement filed before he retained Attorney Edward Gonzales. However, for some unknown reason – he did not call her as a witness.

7

**WHEREFORE**, for the foregoing reasons the Plaintiff-Creditor, Douglass Sloan, requests this Honorable Court deny the motion for reconsideration of the debtor.

Respectfully Submitted,

/s/Howard Haley
Howard Haley, Esq. #999376
7600 Georgia Ave, NW #405
Washington, DC 20012
HaleyFirm@gmail.com
V: 202-810-6329
F: 202-706-7375

### Certificate of Service

I HEREBY CERTIFY, that copies of the foregoing Plaintiff's Opposition to Debtor's Motion for Reconsideration were served on the following on this 10th day of October 2017 by the Electronic Case Filing system and U.S. mail, postage prepaid, addressed as follows:

By US Mail Postage Prepaid to:
Carlos Allen, Pro Se
1715 Kilbourne Place, NW
Washington, DC 20010

Electronically to:
Alisha Gordon, Esq.
William Byrd, Esq.
Wendell Webster, Trustee

/s/ Howard Haley
Howard Haley, Esq. (999376)
The Haley Firm, PC
7600 Georgia Ave, NW #405
Washington, DC 20012
(202) 810-6329
(202) 706-7375 (fax)
haleyfirm@gmail.com

8