The document below is hereby signed.

Signed: April 19, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| CARLOS ROBERTO ALLEN, ) | | Case No. 16-00023 |
| ) | | (Chapter 7) |
| Debtor. ) | | |
| _____ ) | | |
| ) | | |
| DOUGLASS SLOAN, ) | | |
| ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adversary Proceeding No. |
| ) | | 16-10027 |
| CARLOS ROBERTO ALLEN, ) | | |
| ) | | Not for publication in |
| ) | | West's Bankruptcy Reporter. |
| Defendant. ) | | |

MEMORANDUM DECISION RE MOTION FOR ATTORNEY FEES

The plaintiff has filed a *Motion for Attorney Fees* (Dkt. No. 98). I will deny the motion without prejudice to pursuit of the request to recover attorney's fees in a court of competent jurisdiction.

I

The plaintiff was a prevailing party on the adversary proceeding claim to deny the debtor a discharge, but no statute provides for a party prevailing on such a claim to recover attorney's fees.  The *Motion for Attorney Fees* will be treated as timely filed, but the plaintiff is not entitled to recover a judgment for attorney's fees in this court.[1]

II

The *Judgment* in this adversary proceeding (Dkt. No. 76) decreed that the plaintiff would recover his taxable costs of the adversary proceeding by a bill of costs filed within 21 days of entry of the judgment pursuant to LBR 7054-1.  Attorney's fees, however, are not taxable costs recoverable via a bill of costs.

---

[1] LBR 7054-2 provides, with exceptions of no relevance here, that "any motion by a prevailing party for an award of attorney's fees must be filed within 21 days after the entry of a judgment or final order in favor of the prevailing party."  The *Judgment* (Dkt. No. 76) was entered in the plaintiff's favor on September 21, 2017.  The debtor filed a timely *Motion for Reconsideration of Judgement of Sept. 21, 17* (Dkt. No. 79) on October 2, 2017, pursuant to Fed. R. Civ. P. 59.  Under Fed. R. Bankr. P. 8002(b)(1), the *Judgment* was not a final appealable judgment until entry of the order (Dkt. No. 91) denying the debtor's motion for reconsideration on January 3, 2018.  The plaintiff filed the *Motion for Attorney Fees* on January 23, 2018, within 21 days after the entry of the order denying the debtor's motion for reconsideration.  The entry of that order can be viewed as the entry of a final judgment that controls the time for filing the *Motion for Attorney Fees*, thus making the *Motion for Attorney Fees* timely under LBR 7054-2.

III

The promissory note in favor of the plaintiff provided:

> If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall pay all costs of collection and enforcement, including reasonable attorney's fees and all costs in addition to other amounts due under this Note.

*See* Dkt. No. 1, Ex. A.  However, after denying the defendant a discharge in his bankruptcy case, the court decreed in its *Judgment* resolving this adversary proceeding that it is:

> ORDERED that the court abstains from adjudicating the plaintiff's claim seeking entry of a monetary judgment on the debt owed him, and the plaintiff, Douglass Sloan, is free to pursue that claim in a court of competent jurisdiction.

Dkt. No. 76, at 2.  Thus, pursuant to the *Judgment,* this court abstained from adjudicating the plaintiff's claim seeking entry of a monetary judgment on the debt owed him.  That debt includes any attorney's fees the plaintiff is entitled to recover.

The *Judgment* decreed that the plaintiff is free to pursue his claim for a monetary judgment on the debt in a court of competent jurisdiction.  The plaintiff pursued no appeal of the *Judgment*, and is thus bound by the decree in the *Judgment* regarding abstention.  The plaintiff is therefore barred from pursuing in this court recovery of a monetary judgment on the debt, including any attorney's fees recoverable as part of the

3

debt. The plaintiff may instead seek such recovery in a court of competent jurisdiction.

IV

In light of the foregoing, an order follows decreeing that the plaintiff's *Motion for Attorney Fees* (Dkt. No. 98) is denied without prejudice to pursuit of the claim for attorney's fees in a court of competent jurisdiction.

[Signed and dated above.]

Copies to: All counsel of record.