The document below is hereby signed.

Signed: April 19, 2018



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| In re | ) | |
| | ) | |
| CARLOS ROBERTO ALLEN, | ) | Case No. 16-00023 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| DOUGLASS SLOAN, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 16-10027 |
| CARLOS ROBERTO ALLEN, | ) | |
| | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |
| Defendant. | ) | |

MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR STAY PENDING APPEAL

The defendant, Carlos Roberto Allen, has filed a *Motion for Stay Pending Appeal* (Dkt. No. 107). Allen has failed to file a timely notice of appeal, and has failed to file a timely motion to enlarge the time to appeal. The District Court would be required to raise the lack of a timely appeal as a jurisdictional

defect requiring dismissal of the appeal.  There is thus no likelihood of success on appeal.  Accordingly, I will deny the *Motion for Stay Pending Appeal*.

I

On September 21, 2017, the court entered its *Judgment* (Dkt. No. 76) denying Allen a discharge.  The *Judgment* was set out in a separate document as required by Fed. R. Civ. P. 58(a), made applicable to adversary proceedings by Fed. R. Bankr. P. 7058. On October 2, 2017, Allen filed a *Motion for Reconsideration* (Dkt. No. 79), which was a timely motion under Fed. R. Bankr. P. 9023 to alter or amend the *Judgment*.  On Wednesday, January 3, 2018, the clerk entered the *Memorandum Decision and Order Denying Defendant's Motion for Reconsideration* (Dkt. No. 91) and mailed a copy to Allen.  Under Fed. R. Civ. P. 58(a)(4), the court was not required to set forth the order denying Allen's *Motion for Reconsideration* in a separate document.  Sixteen days later, on Friday, January 19, 2018, Allen filed his *Notice of Appeal and Statement of Election* (Dkt. No. 94) ("*Notice of Appeal*"), dated as signed on the same date, January 19, 2018, and paid the fee for filing the *Notice of Appeal*.  Allen did not file a motion to enlarge the time to file the *Notice of Appeal*.

II

As noted in *Hamer v. Neighborhood Hous. Servs. of Chi.*, --- U.S. ----, 138 S.Ct. 13, 17 (2017) (citation omitted), "courts are obliged to notice jurisdictional issues and raise them on their own initiative." Under 28 U.S.C. § 158(c)(2), an appeal from the bankruptcy court "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." Fed. R. Bankr. P. 8002 specifies the time within which appeals of judgments, orders, or decrees must be filed. "[T]he failure to file a timely notice of appeal [according to the time limits in Rule 8002] strips the district court of jurisdiction to hear the appeal." *In re Sobczak-Slomczewski*, 826 F.3d 429, 432 (7th Cir. 2016) (affirming the dismissal for lack of jurisdiction where the notice of appeal was filed one day late). *See also Owens v. Grigsby*, 575 B.R. 1 (Bankr. D.D.C. 2017).

In relevant part, Fed. R. Bankr. P. 8002 (Time for Filing Notice of Appeal) provides:

> (a) IN GENERAL.
>     (1) *Fourteen-Day Period*. Except as provided in subdivisions (b) and (c), a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed.
>         . . .

>    (b) EFFECT OF A MOTION ON THE TIME TO APPEAL.
>        (1) *In General.* If a party timely files in the bankruptcy court any of the following motions, **the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion**:
>             . . .
>             **(B) to alter or amend the judgment under Rule 9023;**
>             . . .
>        (3) *Appealing the Ruling on the Motion.* **If a party intends to challenge an order disposing of any motion listed in subdivision (b)(1)**—or the alteration or amendment of a judgment, order, or decree upon the motion—**the party must file a notice of appeal** or an amended notice of appeal.  The notice or amended notice must comply with Rule 8003 or 8004 and **be filed within the time prescribed by this rule, measured from the  entry of the order disposing of the last such remaining motion.**
>        . . .
>    (d) EXTENDING THE TIME TO APPEAL.
>        (1) *When the Time May be Extended.* Except as provided in subdivision (d)(2), **the bankruptcy court may extend the time to file a notice of appeal upon a party's motion that is filed:**
>             (**A) within the time prescribed by this rule; or**
>             **(B) within 21 days after that time**, if the party shows excusable neglect.
>        . . .

(emphasis added).

Thus, under Rule 8002(a)(1) and (b), because Allen filed a timely Rule 9023 motion to alter or amend the adversary proceeding *Judgment*, the deadline for Allen to file a notice of appeal regarding the *Judgment* and the *Memorandum Decision and Order Denying Motion for Reconsideration* was Wednesday, January

4

17, 2018 (fourteen days after entry of the *Memorandum Decision and Order Denying Motion for Reconsideration*). Allen did not file his notice of appeal until Friday, January 19, 2018. Nothing in Fed. R. Bankr. P. 9006 altered the deadline of January 17, 2018. Wednesday January 17, 2018, was not "a Saturday, Sunday, or legal holiday" within the meaning of Rule 9006(a)(1)(C). Nor was it a day that the clerk's office was inaccessible within the meaning of Rule 9006(a)(3). The allowance of three additional days under Rule 9006(f) applies only to time periods keyed to the date of service, and does not apply to the notice of appeal deadline. *See Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding that Rule 9006(f) "is inapplicable to the appeal period prescribed in Rule 8002(a)" because "[b]y its terms, Rule 9006(f) applies when a time period begins to run after service" and Rule 8002(a) begins to run upon entry of the relevant order or judgment). Finally, Rule 9006(b)(3) expressly provides that the court may enlarge the time for filing a notice of appeal under Rule 8002 only "to the extent and under the conditions stated in" Rule 8002.

Rule 8002(d)(1) requires that even in cases in which the appealing party can demonstrate excusable neglect in its failure to file a notice of appeal in a timely fashion, an extension of

5

time must be sought by a motion filed within a 35-day window after the time for appeal began to run (comprised of the 14 days for filing an appeal pursuant to Rule 8002(a)(1) plus the 21 days thereafter for filing a motion to enlarge time based on excusable neglect pursuant to Rule 8002(d)(2)).  *See Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3rd Cir. 1997).[1]

Here, Allen never filed a motion for an extension of time to file the notice of appeal.  "The rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *In re Caterbone*, 640 F.3d 108, 114 (3d Cir. 2011) (quoting *Shareholders*, 109 F.3d at 879).  *See also Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992) (finding that the district court lacked jurisdiction to consider the merits of an appellant's untimely appeal where the appellant had failed to file within the complete window of time pursuant to Rule 8002(a)(1) and (d)(2) a motion for extension of time alleging that her failure to file a notice of appeal within the time period established by Rule 8002(a)(1) was due to excusable

---

[1] "When *Shareholders* was decided, the time limitations set forth by Rule 8002 were 10 days and 20 days, for a total of 30 days.  The Bankruptcy Rules were amended in 2009, to extend those deadlines to 14 days and 21 days, for a total of 35 days." *DBDR Ltd. P'ship v. U.S. Trustee (In re DBDR Ltd. P'ship)*, No. 1:13-cv-00048-EJL, 2013 WL 5409651, at *3 n.2 (D. Idaho Sept. 25, 2013).

neglect); *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.)*, 684 F.2d 410, 412-13 (6th Cir. 1982) (ruling that the district court erred in considering the issue of excusable neglect when no motion for an extension of time on that basis was filed in the bankruptcy court).

As in the case of an appeal regarding a district court judgment under Fed. R. App. P. 4(a), a notice of appeal regarding a bankruptcy court judgment cannot be treated as a motion under Fed. R. Bankr. P. 8002(c)(2) to extend the time to appeal. *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1297 (11th Cir. 2000) (describing Fed. R. Bankr. P. 8002 as an adaptation of Fed. R. App. P. 4(a) and explaining that because case law establishes that a late notice of appeal by a pro se appellant in a civil case cannot be treated as a motion for extension of time due to excusable neglect under Rule 4(a)(5), similarly, a late notice of appeal in the bankruptcy context cannot be construed as a motion for extension of time due to excusable neglect). *See also Hickey v. Scott*, 987 F.Supp.2d 85, 89 (D.D.C. 2013) (quoting *United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 863 F.Supp.2d 18, 20-21 (D.D.C. 2012) (collecting cases)) ("'Eleven circuits have considered whether a notice of appeal can be treated as a motion

for extension of time under Rule 4(a)(5) and all have answered in the negative.'" .

The Supreme Court has held that when the statute governing appeals contains rules regarding extensions of the time to appeal, an appeal requiring an extension that violates those rules must be dismissed for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 208-13 (2007) (finding that the district court's 17-day extension of time to file an appeal exceeded the maximum 14-day extension authorized by Congress in 28 U.S.C. § 2107(c) and the court of appeals lacked jurisdiction over an appeal based on a notice of appeal filed within the 17-day extension granted by the district court but outside of the maximum permissible extension of 14 days mandated by Congress). Under 28 U.S.C. § 158(c)(2), an appeal to the district court must be taken "in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts" and must be pursued "in the time provided by Rule 8002 of the Bankruptcy Rules."

Rule 8002(d)(2) is part of Rule 8002 that 28 U.S.C. § 158(c)(2) commands shall fix the time for taking an appeal. Accordingly, compliance with the deadline set forth in Rule 8002(d)(1) is mandated by Congress in 28 U.S.C. § 158(c)(2) and is therefore a jurisdictional requirement. Thus, this court

would be required to deny any tardy motion that might be filed now to seek an extension of time to file a notice of appeal even if the plaintiff failed to oppose the motion as untimely.[2]

For all of these reasons, Allen's appeal will likely be dismissed by the District Court, and there is no probability of success on appeal. It is thus

ORDERED that the *Motion for Stay Pending Appeal* (Dkt. No. 107) is DENIED.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; Chapter 7 Trustee.

---

[2] Under 11 U.S.C. § 362(c)(2), with exceptions not applicable in this case, the automatic stay of § 362(a) continues until the earliest of the time the case is closed, the time the case is dismissed, or, in the case of an individual chapter 7 debtor, the time a discharge is granted or denied. Pursuant to § 362(c)(2)(C), the *Judgment* denying the debtor a discharge terminated the automatic stay with respect to the creditor's action against Allen pending in the Superior Court of the District of Columbia. Rule 8002(d)(2)(A) bars the court from extending the time to file a notice of appeal if the judgment appealed from grants relief from an automatic stay under § 362. The *Judgment* did not grant a motion under 11 U.S.C. § 362(d) for relief from the automatic stay, but rather led to a termination of the automatic stay by operation of § 362(c)(2)(C). Nevertheless, the *Judgment* effectively granted relief from the automatic stay, and would counsel against granting an extension of the time to appeal. Because the District Court will lack jurisdiction over the appeal, I need not decide whether Rule 8002(d)(2)(A) bars the court from granting a stay pending appeal in this case.