The document below is hereby signed.

Signed: April 30, 2018



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

```
In re                          )
                               )
CARLOS ROBERTO ALLEN,          )   Case No. 16-00023
                               )   (Chapter 7)
              Debtor.          )
_____)
                               )
DOUGLASS SLOAN,                )
                               )
                               )
              Plaintiff,       )
                               )
         v.                    )   Adversary Proceeding No.
                               )   16-10027
CARLOS ROBERTO ALLEN,          )
                               )   Not for publication in
                               )   West's Bankruptcy Reporter.
              Defendant.       )
```

MEMORANDUM DECISION AND ORDER DENYING MOTION FOR
RECONSIDERATION OF ORDER DENYING MOTION FOR STAY PENDING APPEAL

The defendant, Carlos Roberto Allen, has filed a *Motion for Reconsideration of Order Denying Motion for Stay Pending Appeal* (Dkt. No. 119). In denying a stay, I concluded that the District Court will be required to dismiss the appeal for lack of jurisdiction because Allen failed to file a timely notice of

appeal, and failed to file a timely motion to enlarge the time to appeal.  Allen's *Motion for Reconsideration* fails to convince me that the District Court will not be required to dismiss the appeal for lack of jurisdiction.

In moving for reconsideration, Allen points to his mistakenly having relied on Fed. R. Bankr. P. 9006(f), and recognizes that Rule 9006(f) did not make the notice of appeal timely.[1]  Instead of arguing that the notice of appeal was timely, Allen argues that based on Allen's good faith but mistaken reliance on Rule 9006(f), the court, in the exercise of the court's equitable powers, should treat the lateness of the notice of appeal as "excusable neglect."  I reject this argument because it is too late for Allen to seek an extension of time

---

[1] As I explained in the *Memorandum Decision and Order Denying Motion for Stay Pending Appeal* (Dkt. No. 111) at 5:

> The allowance of three additional days under Rule 9006(f) applies only to time periods keyed to the date of service, and does not apply to the notice of appeal deadline. *See Arbuckle v. First Nat'l Bank of Oxford (In re Arbuckle)*, 988 F.2d 29, 31-32 (5th Cir. 1993) (holding that Rule 9006(f) "is inapplicable to the appeal period prescribed in Rule 8002(a)" because "[b]y its terms, Rule 9006(f) applies when a time period begins to run after service" and Rule 8002(a) begins to run upon entry of the relevant order or judgment).  Finally, Rule 9006(b)(3) expressly provides that the court may enlarge the time for filing a notice of appeal under Rule 8002 only "to the extent and under the conditions stated in" Rule 8002.

based on excusable neglect. As set forth in the *Memorandum Decision and Order Denying Motion for Stay Pending Appeal* (Dkt. No. 111) at 5-7:

> Rule 8002(d)(1) requires that even in cases in which the appealing party can demonstrate excusable neglect in its failure to file a notice of appeal in a timely fashion, an extension of time must be sought by a motion filed within a 35-day window after the time for appeal began to run (comprised of the 14 days for filing an appeal pursuant to Rule 8002(a)(1) plus the 21 days thereafter for filing a motion to enlarge time based on excusable neglect pursuant to Rule 8002(d)(2)). *See Shareholders v. Sound Radio, Inc.*, 109 F.3d 873, 879 (3rd Cir. 1997).[2]
>
> Here, Allen never filed a motion for an extension of time to file the notice of appeal. "The rule does not allow a party to claim excusable neglect after the [time period] ha[s] expired." *In re Caterbone*, 640 F.3d 108, 114 (3d Cir. 2011) (quoting *Shareholders*, 109 F.3d at 879). *See also Deyhimy v. Rupp (In re Herwit)*, 970 F.2d 709, 710 (10th Cir. 1992) (finding that the district court lacked jurisdiction to consider the merits of an appellant's untimely appeal where the appellant had failed to file within the complete window of time pursuant to Rule 8002(a)(1) and (d)(2) a motion for extension of time alleging that her failure to file a notice of appeal within the time period established by Rule 8002(a)(1) was due to excusable neglect); *Walker v. Bank of Cadiz (In re LBL Sports Ctr., Inc.)*, 684 F.2d 410, 412-13 (6th Cir. 1982) (ruling that the district court erred in considering the issue of excusable neglect

---

[2] "When *Shareholders* was decided, the time limitations set forth by Rule 8002 were 10 days and 20 days, for a total of 30 days. The Bankruptcy Rules were amended in 2009, to extend those deadlines to 14 days and 21 days, for a total of 35 days." *DBDR Ltd. P'ship v. U.S. Trustee (In re DBDR Ltd. P'ship)*, No. 1:13-cv-00048-EJL, 2013 WL 5409651, at *3 n.2 (D. Idaho Sept. 25, 2013).

>   when no motion for an extension of time on that basis was
>   filed in the bankruptcy court).

No extension based on excusable neglect is possible because Allen never sought an extension of time within the deadline set by Fed. R. Bankr. P. 8002(d)(2).

Perhaps Allen is relying on 11 U.S.C. § 105(a), which authorizes a court to issue any order necessary or appropriate to carry out the provisions of the Bankruptcy Code.  However, the court may not use its equitable powers in derogation of the statutory command of 11 U.S.C. § 158(c)(2) that an appeal from the bankruptcy court be taken "in the time provided by Rule 8002 of the Bankruptcy Rules."  *See Law v. Siegel*, --- U.S. ----, 134 S.Ct. 1188, 1194-95, 188 L.Ed.2d 146 (2014) ("We have long held that 'whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." (quoting *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988))).

Nor may Allen's tardy notice of appeal be treated as a motion to extend the time to appeal even though it was filed before the deadline for filing a motion for an extension of time. As explained in the *Memorandum Decision* (Dkt. No. 111) at 7-8:

>   As in the case of an appeal regarding a district
>   court judgment under Fed. R. App. P. 4(a), a notice of
>   appeal regarding a bankruptcy court judgment cannot be
>   treated as a motion under Fed. R. Bankr. P. 8002(c)(2) to

4

extend the time to appeal. *See Williams v. EMC Mortg. Corp. (In re Williams)*, 216 F.3d 1295, 1297 (11th Cir. 2000) (describing Fed. R. Bankr. P. 8002 as an adaptation of Fed. R. App. P. 4(a) and explaining that because case law establishes that a late notice of appeal by a pro se appellant in a civil case cannot be treated as a motion for extension of time due to excusable neglect under Rule 4(a)(5), similarly, a late notice of appeal in the bankruptcy context cannot be construed as a motion for extension of time due to excusable neglect). *See also Hickey v. Scott*, 987 F.Supp.2d 85, 89 (D.D.C. 2013) (quoting *United States ex rel. Green v. Serv. Contract Educ. & Training Trust Fund*, 863 F.Supp.2d 18, 20–21 (D.D.C. 2012) (collecting cases)) ("'Eleven circuits have considered whether a notice of appeal can be treated as a motion for extension of time under Rule 4(a)(5) and all have answered in the negative.'"[)].

Allen also argues that the plaintiff, Douglass Sloan, failed to notice the appeal's jurisdictional defect. However, the parties may not confer jurisdiction on a district court when the district court lacks jurisdiction, for, as noted in *Hamer v. Neighborhood Hous. Servs. of Chi.*, --- U.S. ----, 138 S.Ct. 13, 17 (2017) (citation omitted), "courts are obliged to notice jurisdictional issues and raise them on their own initiative."

For all of these reasons, it is

ORDERED that the *Motion for Reconsideration of Order Denying Motion for Stay Pending Appeal* (Dkt. No. 119) is DENIED. It is further

ORDERED that the Clerk shall transmit to the District Court as a supplemental part of the record on appeal the documents docketed in this adversary proceeding as Docket Numbers 107, 108,

5

111, and 119, together with a copy of this order and the docket sheet.

[Signed and dated above.]

Copies to: All counsel of record; Office of United States Trustee; Chapter 7 Trustee.